THE STATE EX REL. OHIO MECHANICAL CONTRACTING INDUSTRY, INC. ET AL. *v.* CITY OF CLEVELAND ET AL.

[Cite as *State ex rel. Ohio Mechanical Contracting Industry, Inc. v. Cleveland* (1992), 65 Ohio St.3d 1210.]

(No. 92–1181—Submitted October 21, 1992—Decided December 11, 1992.)

*Bricker & Eckler* and *Luther L. Liggett, Jr.,* for relators Ohio Mechanical Contracting Industry, Inc.; National Electrical Contractors Association, Inc., Greater Cleveland Chapter; United Mechanical Contractors, Inc.; and D.E. Williams Electric, Inc.

*Danny R. Williams,* Director of Law, *Sharon Sobol Jordan,* Chief Counsel, *Kathleen A. Martin,* Chief Assistant Director of Law, and *Gary N. Travis,* Assistant Director of Law, for respondents city of Cleveland; Michael R. White, Mayor; Jay Westbrook, President of Council; Kenneth J. Nobilio, Commissioner, Division of Architecture; William Moon, Commissioner, Department of Purchases and Supplies; and Danny R. Williams, Director of Law.

*Graves, Haley, Horton & Muttalib* and *Earle C. Horton,* urging support for respondents, for *amici curiae* Cleveland Business League; Minority Contractors Association of Northeast Ohio, Inc.; Organization of Minority Businesses; and Black Trades Council of Ohio, Inc. et al.

*Calfee, Halter & Griswold, John E. Gotherman* and *Marilyn G. Zack,* urging support for respondents, for *amici curiae* Ohio Municipal League and Ohio Municipal Attorneys Association.

*Edwin Romero,* Youngstown Director of Law; *J. Anthony Sawyer,* Dayton Director of Law; *Fay D. Dupuis,* Cincinnati Director of Law; *Ronald J. O'Brien,* Columbus City Attorney; *Max Rothal,* Akron Director of Law; and *Keith A. Wilkowski,* Toledo Director of Law, urging support for respondents, for *amici curiae* cities of Youngstown, Dayton, Cincinnati, Columbus, Akron, and Toledo.

---

This cause originated in this court on the filing of a complaint for a writ of mandamus and was considered in a manner prescribed by law.

According to the complaint filed in this action, respondent city of Cleveland ("city") planned to renovate a municipal building and solicited bids on the renovations. The city desires to hire a single general contractor and therefore instructed bidders to submit "single prime contract bids" (*i.e.,* bids for the entire project) only.

Relators, two mechanical trade contractors and two organizations representing such contractors, contend that R.C. 153.50 *et seq.* requires the city to allow

bids for portions of the work, such as electrical work, plumbing, or heating. Each relator asked the city to modify the bid package to allow partial bids. The city declined. On June 11, 1992, the city unsealed the bids, whereupon relators filed this action. Respondents, city of Cleveland et al., filed a motion to dismiss.

Relators seek a writ "directing Respondents to disregard the bids as opened, and to advertise and receive separate and distinct proposals for the furnishing of materials and doing the work on" the renovations. Relators' true objects are a prohibitory injunction and declaratory judgment, neither of which the court has jurisdiction to grant.

Accordingly, because relators seek relief the court cannot constitutionally give,

IT IS ORDERED by the court that respondents' motion to dismiss be, and the same is hereby, granted.

IT IS FURTHER ORDERED by the court that this cause be, and the same is hereby, dismissed.

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.