THE STATE EX REL. GOVERNOR v. TAFT, SECY. OF STATE.

[Cite as *State ex rel. Governor v. Taft* (1994), 71 Ohio St.3d 1.]

(No. 94–1553—Submitted August 31, 1994—Decided October 21, 1994.)

2

*Ray Todaro & Alton Co., L.P.A.,* and *Frank A. Ray; Clark, Perdue, Roberts & Scott Co., L.P.A.,* and *Edward L. Clark,* for relator.

*Lee Fisher,* Attorney General, *Marianne Neal* and *Andrew I. Sutter,* Assistant Attorneys General, for respondent.

*Crabbe, Brown, Jones, Potts & Schmidt, Larry H. James, Michael R. Henry* and *Kristen H. Smith,* urging dismissal for *amicus curiae,* Truck Insurance Exchange.

*Vorys, Sater, Seymour & Pease, William D. Kloss, Robert N. Webner* and *Laurie A. Briggs,* urging dismissal for *amicus curiae,* Ohio Insurance Institute.

———————

*Per Curiam.* For the following reasons, we grant respondent's motion for summary judgment.

Relator seeks alternative orders: first, a declaration that Am.Sub. S.B. No. 20 is void, and a writ of prohibition and mandamus "ordering" respondent to refuse acceptance for filing of Am.S.B. No. 20; alternatively, a declaration that the Act is void, "a writ of mandamus to Respondent ordering him to strike the language of [Am.Sub.] S.B. 20 from the laws of the State of Ohio," and a "writ of prohibition ordering Respondent not to publish and distribute the language of [Am.Sub.] S.B. 20 as the law of Ohio." Thus, under the first alternative, he seeks a declaratory judgment combined with an order that enjoins action, and under the second alternative, he seeks a declaratory judgment and an order compelling action. An affidavit submitted with respondent's motion for dismissal or summary judgment demonstrates that the first alternative is moot because the action sought to be enjoined—the filing of Am.Sub.S.B. No. 20—has already taken place. However, a moot cause may be tried where the issue or controversy is "capable of repetition yet evading review." *In re Protest Filed by Citizens for the Merit Selection of Judges, Inc.* (1990), 49 Ohio St.3d 102, 103, 551 N.E.2d 150, 151. Therefore, mootness is not determinative of the causes.

Respondent also raises the issue of lack of jurisdiction in his memorandum in support of his motion, but without full exposition. Nevertheless, the issue having been raised, we examine it on respondent's alternative motion for summary judgment.

First, under both alternatives for relief, relator asks for a declaration that Am.Sub.S.B. No. 20 is void. By themselves, these are requests for declaratory judgments, which this court has declared it has no jurisdiction to entertain, *State ex rel. Ohio Mechanical Contracting Industry, Inc. v. Cleveland* (1992), 65 Ohio St.3d 1210, 605 N.E.2d 386, except in regard to apportionment matters, where its jurisdiction is exclusive and original. *Voinovich v. Ferguson* (1992), 62 Ohio St.3d

1224, 584 N.E.2d 737, and (1992), 63 Ohio St.3d 198, 586 N.E.2d 1020. This court's jurisdiction in mandamus and prohibition is not exclusive. Section 3, Article IV, Ohio Constitution.

Second, in *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, we held:

"Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for an injunction, * * * the action must be dismissed for want of jurisdiction." *Id.* at paragraph four of the syllabus.

"[W]here a petition is labelled an 'action in mandamus' but its allegations, in effect, seek an injunctive remedy to restrain and enjoin the respondents rather than to compel respondents to perform a clear legal duty, *such a petition does not state a cause of action in mandamus* but states a cause of action in injunction, and since this court does not have original jurisdiction in injunction, such a petition must be dismissed on the ground that it does not state a cause of action in mandamus." (Emphasis *sic.*) *Id.* at 150, 40 O.O.2d at 147, 228 N.E.2d at 640.

In the instant case, relator's first alternative request for relief seeks to restrain or enjoin respondent from filing Am.Sub.S.B. No. 20. Therefore, we find that its true objects are declaratory judgment and injunction and that we have no jurisdiction as to the first request for relief.

As to the second alternative request for relief, Section 16, Article II, Ohio Constitution states in part:

"If the governor approves an act, he shall sign it, it becomes law and he shall file it with a secretary of state."

In *Maloney v. Rhodes* (1976), 45 Ohio St.2d 319, 74 O.O.2d 499, 345 N.E.2d 407, we held that under Section 16, Article II a bill becomes law upon the signature of the Governor and that the Secretary of State is not vested with any jurisdiction to determine the constitutionality of any law. Rather, he only has the ministerial duty to file the Act. *Id.,* paragraphs one and two of the syllabus. Moreover, we find no duty in the Constitution or laws requiring the Secretary of State not to file a bill, to strike an unconstitutional bill from the files, or to inhibit the publishing or distribution of such a bill. These are clearly duties relator has invented as a peg on which to hang his real request, a declaratory judgment on the constitutionality of Am.Sub.S.B. No. 20.

A court cannot create a duty in mandamus:

"A court in a mandamus proceeding cannot create the legal duty the relator would enforce through it; creation of the duty is the distinct function of the

legislative branch of government." *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 3, 591 N.E.2d 1186, 1188–1189; *State ex rel. Stanley v. Cook* (1946), 146 Ohio St. 348, 32 O.O. 419, 66 N.E.2d 207, paragraph eight of the syllabus; *Davis v. State ex rel. Pecsok* (1936), 130 Ohio St. 411, 5 O.O. 20, 200 N.E. 181, paragraph one of the syllabus.

Accordingly, because respondent has no clear legal duty not to file unconstitutional bills, to strike such bills from his files, or not to publish such bills and because respondent exercises no judicial or quasi-judicial authority over such bills, it is clear that relator's second alternative request for relief has no merit in mandamus or prohibition and is also a thinly disguised request for a declaratory judgment, which we are without jurisdiction to grant.

Accordingly, we grant summary judgment for respondent under Civ.R. 56(C) because there is no material issue of fact, and he is entitled to judgment as a matter of law.

Respondent's motion for summary judgment is granted.

*Writs denied.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

DOUGLAS and PFEIFER, JJ., dissent.

DOUGLAS, J., dissenting. I am intrigued by the majority's disposition of this case, given that we recently decided *State ex rel. Ohio AFL–CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 631 N.E.2d 582. The majority in the case at bar says that " * * * under both alternatives for relief, relator asks for a declaration that Am.Sub.S.B. No. 20 is void. By themselves, these are requests for declaratory judgments, which this court has declared it has no jurisdiction to entertain."

I find this intriguing because in *Voinovich*, we combined and decided three cases: Nos. 93–2057, 93–2059 and 93–2060. In setting forth the facts in No. 93–2057, we said that "[c]ase No. 93–2057 is an original action in mandamus and prohibition filed by the Ohio AFL–CIO, a citizen taxpayer, and a board member of a regional board of review. Relators seek a writ of mandamus (1) ordering the Governor to take no action under the new law and to appoint no new commissioners, (2) ordering the State Auditor and Treasurer not to withhold the pay of the old commissioners and the regional board members, and (3) severing the appropriations provisions from Am.Sub.H.B. No. 107 *and declaring the nonappropriations provisions unconstitutional and void.* Relators seek a writ of prohibition preventing the new commissioners from acting or hearing cases as the Industrial Commission." (Emphasis added.) *Id.* at 226–227, 631 N.E.2d at 585. The other two cases likewise, in effect, sought the same relief, *i.e.,* a declaration of " * * * *rights, status,* and other legal relations whether or not further relief is or could

be claimed." R.C. 2721.02. (Emphasis added.) I suspect it will forever remain a mystery why we entertained *Voinovich* but decline to do so in this case.

I respectfully dissent.

PFEIFER, J., concurs in the foregoing dissenting opinion.