**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1226.]**

THE STATE EX REL. OHIO ACADEMY OF TRIAL LAWYERS ET AL. *v*. SHEWARD,

JUDGE, ET AL.

**[Cite as *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*,**

**1998-Ohio-276.]**

*Prohibition and mandamus to enjoin and prohibit respondents from implementing*

*provisions of Am.Sub.H.B. No. 350—Alternative writ granted.*

(No. 97-2419—Submitted December 9, 1997—Decided February 25, 1998.)

IN PROHIBITION.

IN MANDAMUS.

————————————

*Don C. Iler* and *Robert S. Peck*, for relators Ohio Academy of Trial Lawyers and Richard Mason.

*Stewart R. Jaffy* and *Marc Jaffy*, for relators Ohio AFL-CIO and William A. Burga.

*Ron O'Brien*, Franklin County Prosecuting Attorney, for respondents Judge Richard S. Sheward and Judge Dale A. Crawford.

————————————

{¶ 1} *Sua sponte*, alternative writ granted.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

————————————

**COOK, J., dissenting.**

{¶ 2} Because it is obvious from the face of the complaint that this court does not have jurisdiction over relators' claims in mandamus or prohibition, I dissent.

{¶ 3} Relators, Ohio Academy of Trial Lawyers, Ohio AFL-CIO, and two individual Ohio citizens and taxpayers, filed this action for extraordinary relief against six common pleas court judges in their official capacities and as representatives of similarly situated Ohio trial court judges. Relators claim that Am.Sub.H.B. No. 350 is unconstitutional because, among other things, it conflicts with rules promulgated by the court, and further violates the one-subject rule, right to a jury trial, prohibition on damage caps for wrongful death, right to a remedy, due process, equal protection, prohibition on special privileges, and prohibition against retroactive laws.

{¶ 4} Relators request (1) a writ of prohibition preventing respondents from exercising jurisdiction to implement Am.Sub.H.B. No. 350, (2) a writ of mandamus to compel respondents to apply prior law notwithstanding conflicting provisions of Am.Sub.H.B. No. 350, and (3) an "injunction permanently declaring, pursuant to ancillary claims made in this Complaint, that Am.Sub.H.B. [No.] 350 violates the Constitution of the State of Ohio and is thereby to be treated as null and void and enjoining its implementation by Respondents and those similarly situated." Relators filed motions for certification of a respondent class to include all Ohio trial court judges who are affected by Am.Sub.H.B. No. 350 and maintenance as a respondent class action.

## MANDAMUS

{¶ 5} Relators initially claim that they are entitled to a writ of mandamus. In order to be entitled to a writ of mandamus, the relator must establish a clear legal right to the relief prayed for, that the respondent has a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129.

## THIS COURT DOES NOT HAVE JURISDICTION TO AWARD THE RELIEF THAT RELATORS SEEK

{¶ 6} The constitutionality of a statute, in certain circumstances, may be challenged by mandamus. *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 341, 673 N.E.2d 1351, 1354; *State ex rel. Brown v. Summit Cty. Bd. of Elections* (1989), 46 Ohio St.3d 166, 545 N.E.2d 1256; *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 60 O.O. 531, 138 N.E.2d 660. However, "[t]he function of mandamus is to *compel the performance of a present existing duty as to which there is a default*. It is not granted to take effect prospectively, and it contemplates the performance of an act which is incumbent on the respondent when the application of the writ is made." (Emphasis added.) *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph two of the syllabus. Where the allegations in a complaint for mandamus indicate that the real objects sought are a declaratory judgment and an injunction, the complaint does not state a cause of action in mandamus and must be dismissed. *Purdy*; *State ex rel. Governor v. Taft* (1994), 71 Ohio St.3d 1, 2-3, 640 N.E.2d 1136, 1137-1138; *State ex rel. Ohio Mechanical Contracting Industry, Inc. v. Cleveland* (1992), 65 Ohio St.3d 1210, 605 N.E.2d 386; *State ex rel. Walker v. Bowling Green* (1994), 69 Ohio St.3d 391, 392, 632 N.E.2d 904, 905. "[W]here a petition which is labeled an 'action in mandamus' but its allegations, in effect, seek an injunctive remedy to restrain and enjoin the respondents rather than to compel respondents to perform a clear legal duty, *such a petition does not state a cause of action in mandamus* but states a cause of action in injunction, and, since this court does not have original jurisdiction in injunction [see Section 2(B), Article IV, Ohio Constitution], such a petition must be dismissed * * *." (Emphasis *sic.*) *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 150, 40 O.O.2d 141, 147, 228 N.E.2d 631, 640.

**{¶ 7}** Here, the objects of relators' action are a declaratory judgment that Am.Sub.H.B. No. 350 is unconstitutional and an injunction preventing Ohio judges from applying Am.Sub.H.B. No. 350. This is evident from relators' prayer for relief, in which they specifically request declaratory and injunctive relief, as well as relators' request to serve the Attorney General with a copy of their complaint pursuant to R.C. 2721.12, which applies to declaratory judgment actions. Accordingly, mandamus is the wrong vehicle, and we are the wrong court to initially entertain an action for the relief that relators seek.

**{¶ 8}** As pointed out in Justice Douglas's dissent in *State ex rel. Governor v. Taft*, 71 Ohio St.3d at 4, 640 N.E.2d at 1138-1139, our court has struggled with consistent application of this rule. This court has, on occasion, entertained mandamus actions wherein the relators sought to restrain or enjoin governmental entities from giving effect to provisions of legislative acts based on constitutional challenges. See *State ex rel. Ohio AFL-CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 631 N.E.2d 582. Cases such as *Voinovich*, however, have been aberrant, extrajurisdictional exercises. That a court exceeded its jurisdictional reach in a past case is not legitimate authority for accepting another invitation to do so and we should refrain from further perpetuating these mistakes in order to extend our jurisdictional reach.

## PROHIBITION

**{¶ 9}** Relators additionally claim that they are entitled to a writ of prohibition. In order to obtain a writ of prohibition a relator must establish (1) the respondent is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590, 592, 629 N.E.2d 446, 448.

## PROHIBITION IS NOT AVAILABLE TO BLOCK A COURT'S APPLICATION OF A LEGISLATIVE ACTION ON GROUNDS THAT THE LEGISLATIVE ACTION IS UNCONSTITUTIONAL

{¶ 10} "A writ of prohibition will issue where there is a patent and unambiguous restriction on the jurisdiction of the court which clearly places the dispute outside the court's jurisdiction." *State ex rel. Lipinski v. Cuyahoga Cty. Common Pleas Court, Probate Div.* (1995), 74 Ohio St.3d 19, 22, 655 N.E.2d 1303, 1306, citing *Koren,* 68 Ohio St.3d at 593, 629 N.E.2d at 449.  " ' "Prohibition will not be granted, in advance of trial, to test constitutionality, where the inferior court has jurisdiction independent of the statute in question, and may itself determine jurisdiction, and its decision is then subject to review upon appeal." * * * [T]he unconstitutionality of a statute does not deprive a court of the initial jurisdiction to proceed according to its terms [and parties have] other remedies in the ordinary course of the law and by way of appeal.' " *Christensen v. Bd. of Commrs. on Grievances & Discipline* (1991), 61 Ohio St.3d 534, 536-537, 575 N.E.2d 790, 792, quoting *State ex rel. Crebs v. Wayne Cty. Court of Common Pleas* (1974), 38 Ohio St.2d 51, 51-52, 67 O.O.2d 61, 309 N.E.2d 926, 927.  Stated another way, "'Where a court has full and complete jurisdiction of the subject-matter of an action therein pending, a writ of prohibition will not be awarded to prevent an anticipated erroneous judgment.  An adequate remedy is available by proceeding in error.' " *State ex rel. Caley v. Tax Comm.* (1934), 129 Ohio St. 83, 88, 1 O.O. 415, 417-418, 193 N.E. 751, 753, quoting *State ex rel. Carmody v. Justice* (1926), 114 Ohio St. 94, 150 N.E. 430.

{¶ 11} In this case, the respondent judges unquestionably have subject-matter jurisdiction over the anticipated disputes contemplated in the relators' complaint.  See Section 4, Article IV, Ohio Constitution; R.C. Chapter 2721; R.C. 2305.01.  Accordingly, prohibition is unavailable to block their application of the statutes in question.

AVAILABILITY OF AN ADEQUATE REMEDY

{¶ 12} As previously discussed, neither prohibition nor mandamus is available where a relator possesses an adequate remedy in the ordinary course of law. *State ex rel. Hunter v. Certain Judges of the Akron Mun. Court* (1994), 71 Ohio St.3d 45, 46, 641 N.E.2d 722, 723. In addition to the other failings of the complaint, relators cite only the time and expense involved in following the ordinary course of law as inadequacies of that remedy. Without more, this court has consistently rejected these inconveniences as insufficient to allow relators to avoid their ordinary remedies at law through issuance of an extraordinary writ. See, *e.g.*, *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 395-396, 678 N.E.2d 549, 553-554; *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 50, 676 N.E.2d 109, 112.

CONCLUSION

{¶ 13} At this juncture, I believe that the proper course for this court to take would be to dismiss the complaint based on its failure to present issues that are actionable under our mandamus or prohibition jurisdiction. Apparently, a majority of the court reasons otherwise, issuing an alternative writ. The granting of an alternative writ, however, does not put to rest the jurisdictional issues addressed here or the standing issues raised in the brief response filed by Judges Sheward and Crawford and later-filed motions to dismiss that have not yet been considered by the court. By granting an alternative writ, the majority has determined only that the complaint *may* have merit and has authorized further briefing. See *State ex rel. Morley v. Lordi* (1995), 72 Ohio St.3d 510, 514, 651 N.E.2d 937, 941. With the benefit of both parties' full briefing on these issues, perhaps the court will right itself.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

————————————