JOURNAL ENTRY and OPINION
Relator is the defendant in State v. Davis, Cuyahoga County Court of Common Pleas Case No. CR-397763. The grand jury issued the indictment in Case No. CR-397763 on October 26, 2000. Relator complains that respondent judge has denied relator's right to a speedy trial and that there has been no validated claim by any complainant or damaged party upon which an indictment is or could be founded. Complaint, par. 30. Relator also contends that the attorneys appointed to represent him have refused to counsel Petitioner pursuant to Petitioner's unalienable and substantive rights. Complaint, par. 29. Relator requests that this court issue a temporary restraining order staying proceedings in Case No. CR-397763 as well as writs of mandamus and/or prohibition which,
 with Tandem Injunctive relief will prohibit the Respondents who have failed to perform their ministerial duty in discharging STATE OF OHIO claim 
COURT OF COMMON PLEAS, CUYAHOGA COUNTY, OHIO case no: [CR397763] for denying petitioner access to the court.
Complaint, ad damnum clause. For the reasons stated below, we dismiss this action sua sponte.
In Simon v. Pokorny (Feb. 22, 2001), Cuyahoga App. No. 78639, unreported, the relator complained, inter alia, that the respondent judge failed to comply with R.C. 2945.71 and 2945.73 by failing to hold a timely preliminary hearing and to dismiss the indictment because the relator had not received a speedy trial.
 In State ex rel. Drake v. Sutula (May 6, 1999), Cuyahoga App. No. 76000, unreported, Drake brought an action in mandamus against a judge of the court of common pleas and an assistant prosecuting attorney to compel them to discharge him from prison for violating his speedy trial rights and for failing to hold a preliminary hearing timely * * *. Id. at 1.
 The Drake court held: Errors, if any, relating to the preliminary hearing and his right to a speedy trial are properly reviewed on appeal. Id. at 6.
Simon, supra, at 1-2. This court granted summary judgment in favor of the respondent in Simon. See, also, Novak v. State (July 12, 2000), Cuyahoga App. No. 78263, unreported (sua sponte dismissal of an action in prohibition asserting, inter alia, a denial of the right to a speedy trial in the underlying criminal case).
Furthermore, the nature of the relief requested that this court issue an order preventing respondent from proceeding in a criminal case is not appropriate for mandamus.
 "`Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for [a] [prohibitory] injunction, * * * the action must be dismissed for want of jurisdiction.'" State ex rel. Governor v. Taft (1994), 71 Ohio St.3d 1, 3, 640 N.E.2d 1136, 1137-1138, quoting State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141, 40 Ohio Op. 2d 141, 228 N.E.2d 631, paragraph four of the syllabus. We thus lack original jurisdiction to grant relators' request for prohibitory injunctive relief. State ex rel. Crabtree v. Franklin Cty. Bd. of Health (1997), 77 Ohio St.3d 247, 248, 673 N.E.2d 1281, 1283.
State ex rel. Lanham v. Adult Parole Auth. (1997), 80 Ohio St.3d 425,426-427, 687 N.E.2d 283. Similarly, in this action, relator acknowledges that he is requesting that this court grant prohibitory injunctive relief. As a consequence, we lack jurisdiction to grant relator's request for relief.
Accordingly, we dismiss this action sua sponte. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
PATRICIA A. BLACKMON, J. CONCURS ANN DYKE, J. CONCURS
 _________________________________ KENNETH A. ROCCO, PRESIDING JUDGE