[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PETITION FOR WRIT OF MANDAMUS WRIT DISMISSED.
 JUDGMENT
Relator is incarcerated in the Southern Ohio Correctional Facility. Respondents named in the complaint are: WOIO, WUAB, ABC-TV, CBS-TV, NBC-TV, Fox Broadcasting Company, Newsweek, Inc., Associated Press, USA Today, Frank Lewis (Portsmouth, Ohio) and News Journal (Mansfield, Ohio).
In Mayer v. Bristow (June 19, 2001), Crawford App. No. 3-01-04, unreported, the appeal was "taken by Defendant-Appellant Lonny Lee Bristow from the judgment entered by the Court of Common Pleas of Crawford County ordering `every piece' of Lonny Lee Bristow's mail to be forwarded to the Honorable Nelfred G. Kimerline of the Crawford County Court of Common Pleas to be opened pursuant to Mayer v. Bristow (2001), 91 Ohio St.3d 3,740 N.E.2d 656 and R.C.2323.52." Id. at 1. The Third District Court of Appeals vacated the judgment of the court of common pleas and remanded the case.
 In Mayer v. Bristow (2000), 91 Ohio St.3d 3, 740 N.E.2d 656, the Supreme Court of Ohio specifically found that [the] trial court did not have the authority either inherently or statutorily, to control the processes and mail of the courts of the entire United States jurisdiction. Accordingly, the Supreme Court ordered that the Court of Common Pleas of Crawford County revisit its order. However, that court once again has ordered that "every piece" of Bristow's mail "regardless of the addressee" be forwarded to the Crawford County Court of Common Pleas. This is in direct violation of the order of the Supreme Court and thus the order is vacated and remanded for further proceedings in accordance with this opinion. Id. at 6-7.
In this action, relator recites this procedural history and attaches a copy of the opinion in Case No. 3-01-04 and requests the following relief: "WHEREUPON, Bristow requests that this court issue a writ of mandamus commanding respondents report truthful and accurate information." Complaint, ad damnum clause.
In State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, unreported, the same relator sought a writ of mandamus compelling an individual employed by a newspaper and seven broadcast entities to cease reporting on relator as if he were a public figure. This court observed that relator had not averred facts which establish that respondents are not private persons and held that relator failed to state a claim because the respondents were private persons and mandamus will not lie to enforce a private right against a private person. Id. at 3 (quoting State ex rel. Edwards v. Turner (Aug. 20, 1998), Cuyahoga App. No. 74709, unreported, at 2, which cited: State ex rel. Longacre v. Penton Publishing Co. (1997), 77 Ohio St.3d 266; State ex rel. Russell v. Duncan (1992), 64 Ohio St.3d 538; and State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141.)
In State ex rel. Bristow v. Stierhoff (June 21, 2001), Cuyahoga App. No. 78995, unreported, the same relator did not aver any facts that establish that several of the respondents were not private persons. We held that, in light of Sidoti, supra, relief in mandamus did not lie with respect to those respondents.
The fundamental criteria for issuing a writ of mandamus are well-established:
 In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. of Education (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200.
State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42,374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
The complaint does not set forth a clear legal right to relief for relator, a clear legal duty to act on the part of respondents or the absence of a plain and adequate remedy in the ordinary course of the law.
Furthermore, the nature of the relief requested is not appropriate for mandamus.
 "`Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for [a] [prohibitory] injunction, * * * the action must be dismissed for want of jurisdiction.'" State ex rel. Governor v. Taft (1994), 71 Ohio St.3d 1, 3, 640 N.E.2d 1136, 1137-1138, quoting State ex rel. Pressley v. Indus. Comm.(1967), 11 Ohio St.2d 141, 40 Ohio Op. 2d 141, 228 N.E.2d 631, paragraph four of the syllabus. We thus lack original jurisdiction to grant relators' request for prohibitory injunctive relief. State ex rel. Crabtree v. Franklin Cty. Bd. of Health (1997), 77 Ohio St.3d 247, 248, 673 N.E.2d 1281, 1283.
State ex rel. Lanham v. Adult Parole Auth. (1997), 80 Ohio St.3d 425,426-427, 687 N.E.2d 283. Similarly, in this action, relator is requesting that this court grant prohibitory injunctive relief by restricting the content of the information reported by respondents. As a consequence, we lack jurisdiction to grant relator's request for relief in mandamus.
Additionally, as was the case in Sidoti and Stierhoff, supra, several aspects of the complaint are deficient.
 Furthermore, relator failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the details of the claim."
 We also note that the purported "affidavit of indigency" attached to the complaint contains merely relator's signature and is not notarized. The "affidavit of indigency" is not, therefore, sufficient to comply with the formal requirements for an affidavit. See R.C. 2319.01 through 2319.04. See, e.g., State v. Trembly (Mar. 16, 2000), Cuyahoga App. No. 75996, unreported, reopening disallowed (Oct. 20, 2000), Motion No. 16908, at 2-3. Additionally, relator did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.
 State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420.
Sidoti, supra, at 3-4.
Likewise, in this action, relator has failed to: support his complaint with the affidavits required by Loc.App.R. 45(B)(1)(a) or R.C. 2969.25(A); and to file a notarized affidavit of indigency. As a consequence, we deny relator's claim of indigency and order him to pay costs.
Accordingly, we dismiss this action sua sponte. See State ex rel. Thompson v. Spon (1998), 83 Ohio St.3d 551, 553, 700 N.E.2d 1281. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
ANNE L. KILBANE, J., and JAMES J. SWEENEY, J., CONCUR.