JOURNAL ENTRY and OPINION
Relator is a taxpayer and resident of the City of East Cleveland ("the city"). Respondents are the mayor and the city.
Relator avers that Kirk Middle School, which is located in East Cleveland, is an historic building. The city has issued a permit to the East Cleveland Board of Education to demolish Kirk Middle School.
Although relator captioned this case as an action in mandamus, relator requests that this court issue a temporary restraining order as well as preliminary injunction preventing the demolition of Kirk Middle School.
 In general, if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction. State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections (1995), 72 Ohio St.3d 69, 70, 647 N.E.2d 769, 771; State ex rel. Governor v. Taft
(1994), 71 Ohio St.3d 1, 3, 640 N.E.2d 1136, 1137-1138; State ex rel. Ohio Mechanical Contracting Industry, Inc. v. Cleveland (1992), 65 Ohio St.3d 1210, 605 N.E.2d 386; State ex rel. Walker v. Bowling Green
(1994), 69 Ohio St.3d 391, 392, 632 N.E.2d 904, 905.
State ex rel. Grendell v. Davidson (1999), 86 Ohio St.3d 629, 634-635,716 N.E.2d 704. Relator expressly requests relief in the nature of a prohibitory injunction. As a consequence, we must dismiss this action suasponte for failure to state a claim upon which relief can be granted.
The fundamental criteria for issuing a writ of mandamus are well-established:
 In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. of Education (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200.
State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42,374 N.E.2d 641. of course, all three of these requirements must be met in order for mandamus to lie. The averments in the complaint do not satisfy any of the criteria for granting relief in mandamus.
Accordingly, we dismiss this action sua sponte. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
TIMOTHY E. McMONAGLE, P.J. and KENNETH A. ROCCO, J. CONCUR.