DECISION IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relators, Ohio Apartment Association, Greenwich Apartments, LTD, and F W Properties, commenced this original action in mandamus seeking an order: (1) declaring the ten percent rollback provision in R.C. 319.302 unconstitutional; and (2) compelling respondents to apply the version of R.C. 319.302 in effect prior to its amendment by H.B. No. 66, which became effective June 30, 2005. Respondents have filed a motion for judgment on the pleadings.
 {¶ 2} Pursuant to Civ. R. 53(D) and Loc. R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found that relator's mandamus action is a disguised action for declaratory judgment and prohibitory injunction. Relying on State ex rel. United Auto., Aerospace AgriculturalImplement Workers of Am. v. Bur. of Workers' Comp., 108 Ohio St.3d 432,2006-Ohio-1327 ("UAAIW"), the magistrate determined that this court lacks jurisdiction to consider the merits of this action. Therefore, the magistrate has recommended that we grant respondents' motion for judgment on the pleadings.
 {¶ 3} Relators filed an objection to the magistrate's decision. Relators argue that UAAAIW is distinguishable and that other decisions by the Supreme Court of Ohio support relators' mandamus action. E.g.,State ex rel. Swetland v. Kinney (1980), 62 Ohio St.2d 23; State ex rel.Zupancic v. Limbach (1991), 58 Ohio St.3d 130; and State ex rel. MillCreek Metro. Park Dist. Bd. of Commrs. v. Tablack (1999),86 Ohio St.3d 293.
 {¶ 4} Respondents contend that UAAAIW is on all fours with the case at bar and supports the decision of the magistrate. We agree.
 {¶ 5} In UAAAIW, the relator purportedly sought to compel a state agency to follow the law expressed in two Supreme Court of Ohio opinions. UAAAIW involved a challenge to the constitutionality of an amendment to R.C. 4123.93 and 4123.931. The General Assembly enacted 2002 Sub. S.B. No. 227 to amend the subrogation provisions in R.C. 4123.93 and 4123.931. S.B. No. 227 was passed specifically to bring the statutes in compliance with Holeton v. Crouse Cartage Co. (2001),92 Ohio St.3d 115, wherein the court held that the former subrogation provisions were unconstitutional. After S.B. No. 227 became effective, the relator filed a complaint in mandamus alleging that S.B. No. 227 contained provisions substantially identical to the former provisions which were held to be unconstitutional in Holeton. Therefore, relator sought to compel respondent to "follow the law" set forth in the case law.
 {¶ 6} Despite the fact that the relator in UAAAIW couched its allegations in terms of compelling affirmative duties (i.e., to follow applicable case law), the court determined that "the manifest objectives of relators' complaint" were: (1) a declaratory judgment that R.C. 4123.93 and 4123.931 as amended by S.B. No. 227 are unconstitutional; and (2) a prohibitory injunction preventing the respondent from applying the amended statutory provisions. UAAAIW at ¶ 42. Citing what it referred to as the "general rule," the court held that it lacked jurisdiction to consider the merits of mandamus actions challenging the constitutionality of new legislative enactments because they constitute disguised actions for declaratory judgment and prohibitory injunction. Id. at ¶ 43, citing State ex rel. Satow v. Gausse-Milliken,98 Ohio St.3d 479, 2003-Ohio-2074 (mandamus action in effect seeking declaratory judgment that 2002 H.B. No. 329 was unconstitutional and a prohibitory injunction enjoining respondents from applying it); State ex rel.Grendell v. Davidson (1999), 86 Ohio St.3d 629 (mandamus action in effect seeking declaratory judgment that 1999 Am. S.B. No. 283 was unconstitutional and a prohibitory injunction preventing respondents from acting pursuant to it); State ex rel. Governor v. Taft (1994),71 Ohio St.3d 1 (mandamus action in effect seeking declaration that 1994 Am. Sub. H.B. No. 20 was unconstitutional and prohibitory injunction to prevent respondent from filing the act). "It is axiomatic that `if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.'" UAAAIW, at ¶ 41, quotingGrendell, supra, at 634.
 {¶ 7} The court in UAAAIW recognized that there were what it characterized as "narrow exceptions" to the general rule. The court noted that a mandamus action challenging the constitutionality of a statute might be appropriate where a declaratory judgment and a prohibitory injunction would not be sufficiently speedy to afford relief — as in an expedited election case. UAAAIW at ¶ 44, citingState ex rel. Watson v. Hamilton Cty. Bd. of Elections (2002),88 Ohio St.3d 239. Likewise, the court recognized that it had jurisdiction to consider a mandamus action challenging the constitutionality of a statute "in the rare and extraordinary case where the challenged statute operates, directly and broadly, to divest the courts of judicial power."UAAAIW at ¶ 49, citing State ex rel. Ohio Academy of Trial Lawyers v.Sheward (1999), 86 Ohio St.3d 451, 504. Nevertheless, the court made clear that it would interpret and apply the exceptions to the general rule narrowly.
 {¶ 8} Relators attempt to distinguish UAAAIW by arguing that they seek to require respondents to enforce the statute in existence prior to H.B. No. 66 rather than prohibit respondents from acting. However, as noted by the court in UAAAIW.
this is a distinction without a difference. Relators could not require the enforcement of the former statute unless the statute as amended by H.B. No. 66 is declared unconstitutional and respondents are prohibited from enforcing it.
 {¶ 9} Relators also rely heavily on Swetland and Zupancic, supra, in support of their argument. However, we find that neither case requires us to sustain relators' objection. Although the court inSwetland exercised jurisdiction when it decided the merits of a mandamus action to prevent the Commissioner of Tax Equalization and Auditor of Cuyahoga County from enforcing a rollback in real property taxes for homesteads based upon constitutional grounds, the court did not address the jurisdictional issue. As noted by the court in UAAAIW, when " `questions of jurisdiction have been passed on in prior decisionssub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.'"UAAAIW at ¶ 46, citing Grendell, supra, quoting Hagans v. Lavine (1974),415 U.S. 528, 535, 94 S.Ct. 1372. Consequently, Swetland lacks precedential value on the jurisdictional issue. UAAAIW at ¶ 46, citingLewis v. Casey (1996), 518 U.S. 343, 352, 116 S.Ct. 2174 ("we have repeatedly held that the existence of unaddressed jurisdictional defects has no precedential effect").
 {¶ 10} We acknowledge that Zupancic, supra, appears to support relators' jurisdictional argument. However, since Zupancic was decided, the Supreme Court of Ohio has taken a significantly more narrow view of when an appellate court's mandamus jurisdiction may be invoked. This more narrow view of original jurisdiction has been emphasized particularly where the relator's allegations indicate that the real goals of the mandamus action are declaratory judgment and a prohibitory injunction. UAAIW at ¶ 41; Grendell, supra; State ex rel. Essig v.Blackwell, 103 Ohio St.3d 481, 2004-Ohio-5586, at ¶ 20-22; State ex rel.Maloney v. Sherlock, 100 Ohio St.3d 77, 2003-Ohio-5058, at ¶ 53;State ex rel. Cunningham v. American Cunningham Co., LPA (2002),94 Ohio St.3d 323, 324; Satow, supra; Taft, supra. As previously noted, that is preciously the relief that relators must obtain here before a court even reaches the issue of whether the repealed statute can be revived and enforced.
 {¶ 11} We agree with the magistrate that the general rule expressed inUAAAIW is controlling here. Relators' allegations do not bring this case within the recognized narrow exceptions to the general rule (i.e., the need for speedy relief or the rare and extraordinary case where the challenged statute operates to divest the courts of judicial power). Therefore, we find that our original jurisdiction in mandamus has not been properly invoked and we overrule relators' objection.
 {¶ 12} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant respondents' motion for judgment on the pleadings and dismiss the action for lack of jurisdiction.
Objection overruled;
 motion for judgment on the pleadings granted;
 writ of mandamus denied.
 PETREE and TRAVIS, JJ., concur. APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS ON RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS {¶ 13} In this original action, relators, Ohio Apartment Association, Greenwich Apartments, LTD, and F W Properties request a writ of mandamus that (1) declares unconstitutional House Bill No. 66 ("H.B. No. 66") that amended effective June 30, 2005, the so called ten percent rollback provision of R.C. 319.302, and (2) compels respondent Tax Commissioner and respondent Franklin County Auditor to apply the ten percent rollback provision of R.C. 319.302 as it read prior to its alleged unconstitutional amendment.
Findings of Fact:
 {¶ 14} 1. According to the complaint, relator, Ohio Apartment Assocation ("OAA") is an Ohio non-profit corporation whose principle place of business is located at Columbus, Ohio. OAA is alleged to be a federation of local apartment associations whose member companies own or manage rental housing. OAA seeks to further the interests of its members through legislative and advocacy services. Many of OAA's members own rental properties with four or more rental units and are negatively impacted by H.B. No. 66.
 {¶ 15} 2. According to the complaint, relator Greenwich Apartments, LTD, is the owner of two adjoining apartment complexes that include 116 rental units located at Columbus, Ohio.
 {¶ 16} 3. According to the complaint, relator F W Properties is the owner of an apartment complex that includes four rental units located at Columbus, Ohio.
 {¶ 17} 4. According to the complaint, respondent William W. Wilkins is the tax commissioner for the state of Ohio. Pursuant to R.C. 5713.041, the tax commissioner is required to promulgate rules relating to R.C. 319.302 as amended by H.B. No. 66.
 {¶ 18} 5. According to the complaint, respondent Joseph W. Testa is the auditor of Franklin County, Ohio. Pursuant to R.C. 5713.041, the auditor is required to review each parcel of real estate in the county in order to classify each parcel for purposes of applying any property tax reductions provided by R.C. 319.02.
 {¶ 19} 6. According to the complaint, prior to the year 2005, pursuant to R.C. 319.302, all owners of real property received a reduction of ten percent of the property's tax bill (the "rollback").
 {¶ 20} 7. According to the complaint, in 2005, the Ohio Legislature enacted H.B. No. 66 which eliminated the rollback for properties that it determined are "intended primarily for use in a business activity." The provisions of H.B. No. 66 amended R.C. 319.302.
 {¶ 21} 8. According to the complaint, rental properties containing four or more units were deemed by H.B. No. 66 to be "primarily for use in a business activity" and thus, ineligible for the rollback. However, rental properties containing three or less units continue to be eligible for the rollback.
 {¶ 22} 9. According to the complaint, following the effective date of H.B. No. 66, the tax commissioner reissued or amended rules 5703-25-10 and 5703-25-18 so that they exclude from the rollback properties with four or more units.
 {¶ 23} 10. According to the complaint, H.B. No. 66 violates Section 2, Article XII, Ohio Constitution which requires that "[l]and and improvements thereon shall be taxed by uniform rule according to value * * *."
 {¶ 24} 11. According to the complaint, H.B. No. 66 violates Section 2, Article I, Ohio Constitution which provides:
 All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform, or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the General Assembly.
 {¶ 25} 12. According to the complaint, H.B. No. 66, R.C. 319.302 as amended, and rules 5703-25-18 and 5703-25-10 as amended provide for the unconstitutional exercise of respondents' authority.
 {¶ 26} 13. The complaint demands that a peremptory writ of mandamus issue "directing" respondents to apply the rollback to all rental properties irregardless of the units rented.
 {¶ 27} 14. On April 4, 2006, respondent Tax Commissioner filed his answer to the complaint.
 {¶ 28} 15. On April 5, 2006, respondent Franklin County Auditor filed his answer to the complaint.
 {¶ 29} 16. On May 12, 2006, respondents filed a motion for judgment on the pleadings.
 {¶ 30} 17. On June 2, 2006, relators filed their brief in opposition to respondents' motion for judgment on the pleadings.
Conclusions of Law:
 {¶ 31} It is the magistrate's decision that this court grant respondents' motion for judgment on the pleadings, as more fully explained below.
 {¶ 32} In State ex rel. United Automobile Aerospace AgriculturalImplement
 Workers of America v. Ohio Bur. of Workers' Comp., 108 Ohio St.3d 432,2006-Ohio-1327, at ¶ 43, the court states:
 * * * [W]e lack jurisdiction to consider the merits of mandamus actions challenging the constitutionality of new legislative enactments because they constitute disguised actions for declaratory judgment and prohibitory injunction. State ex rel. Satow v. Gausse-Milliken, 98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289
(mandamus action in effect seeking declaratory judgment that 2002 H.B. 329 was unconstitutional and a prohibitory injunction enjoining respondents from applying it); Grendell, 86 Ohio St.3d 629, 716 N.E.2d 704 (mandamus action in effect seeking declaratory judgment that 1999 Am. Sub. H.B. No. 283 was unconstitutional and a prohibitory injunction preventing respondents from acting pursuant to it); State ex rel. Governor v. Taft (1994), 71 Ohio St.3d 1, 640 N.E.2d 1136 (mandamus action in effect seeking declaration that 1994 Am. Sub. H.B. No. 20 was unconstitutional and prohibitory injunction to prevent respondent from filing the act). * * *
 {¶ 33} It is clear from the complaint itself and from the pleadings filed herein that this original action constitutes a disguised action for a declaratory judgment and prohibitory injunction.
 {¶ 34} Relators ask this court to declare unconstitutional H.B. No. 66, R.C. 319.302 as amended, and rules 5703-25-18 and 5703-25-10 as amended.
 {¶ 35} While the complaint demands that this court issue a writ of mandamus "directing" respondents to apply the rollback provision to all rental properties irregardless of the number of units rented, it is clear that relief would not be complete unless this court were to prohibit respondents from complying with or enforcing H.B. No. 66. Thus, relators do not in fact seek to compel respondents to action but in actuality seek to prohibit respondents from action.
 {¶ 36} Because a mandatory injunction is an extraordinary remedy, it does not constitute an adequate remedy in the ordinary course of law. However, a prohibitory injunction is an adequate remedy in the ordinary course of law. State ex rel. Evans v.
 Blackwell, ___ Ohio St. ___ 2006-Ohio-4334, at ¶ 39.
 {¶ 37} A motion for judgment on the pleadings is governed by Civ. R. 12(C). Under Civ. R. 12(C), dismissal is appropriate where a court (1) construes the material allegations of the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts to support his claim that would entitle him to relief.State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 570. Thus, Civ. R. 12(C) requires a determination that no factual issues exist and that the movant is entitled to judgment as a matter of law. Id.
 {¶ 38} Applying the criteria for Civ. R. 12(C) to the above analysis of the complaint, it is clear beyond doubt that this court lacks jurisdiction over this action.
 {¶ 39} Accordingly, it is the magistrate's decision that this court grant respondents' motion for judgment on the pleadings.