DECISION
{¶ 1} Relator, Rayshan Watley, filed this original action seeking writs of procedendo and mandamus against respondents, Ohio Adult Parole Authority and Terry Collins, Director, Ohio Department of Rehabilitation and Correction ("ODRC"). *Page 2 
 {¶ 2} The court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant respondents' motion to dismiss. (Attached as Appendix A.) The magistrate recommended dismissal based on lack of jurisdiction because relator's real goal is to obtain declaratory and prohibitory injunctive relief relating to enforcement of ODRC policies and guidelines.
 {¶ 3} Relator filed an objection to the magistrate's decision. In it, he argues, without supporting authority, that the magistrate's legal conclusion concerning jurisdiction is wrong and that the court maintains jurisdiction to hear all mandamus actions. However, we agree with the magistrate's conclusion, based on this court's precedent, that this court lacks jurisdiction where the goal of a mandamus action is declaratory and prohibitory injunctive relief. Thus, we overrule relator's objection.
 {¶ 4} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, this action is dismissed.
Objection overruled, action dismissed.
 TYACK and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION Rendered on March 6, 2007 IN PROCEDENDO AND MANDAMUS ON MOTIONS {¶ 5} In this original action, relator, Rayshan Watley, an inmate of the Southern Ohio Correctional Facility ("SOCF"), requests that writs of procedendo and mandamus issue against respondents Ohio Adult Parole Authority ("OAPA") and Terry Collins, Director, Ohio Department of Rehabilitation and Correction ("ODRC"). *Page 4 
Findings of Fact: {¶ 6} 1. On August 25, 2006, relator filed this original action challenging the legality of portions of ODRC policy number 105-PBD-03 ("policy 105-PBD-03") effective January 13, 2004, and the legality of portions of the Second Edition of the Ohio Parole Board Guidelines Manual ("guidelines manual") effective April 1, 2000.
 {¶ 7} 2. Relator attached to his complaint as an exhibit a ten-page copy of policy 105-PBD-03. In his handwritten complaint, relator quotes or paraphrases the following portion of policy 105-PBD-03 which, according to page nine of the exhibit, states:
 * * * Any inmate with a security classification of maximum security (level 4) or high maximum (level 5) or any other comparable security classification titles utilized to denote serious security risk inmates, at the time of release eligibility, shall not be granted release. A continuance date shall be established which, to the extent possible, gives at least sufficient time for the inmate to be eligible for a security classification review, which may lead to a security classification reduction. The subsequent continuance hearing shall be conditioned upon the inmate receiving a security classification which is less than maximum (level 4), or less than any other security classifications utilized to denote serious security risk inmates.
 {¶ 8} 3. Relator also attached to his complaint as an exhibit a 93-page copy of the guidelines manual. In his handwritten complaint, relator quotes or paraphrases the following portion of the guidelines manual which, according to page 85 of the exhibit, states:
 The guideline range for each such infraction shall be:
 (1) 6-12 months if the conduct involved —
 (2) threatening conduct against staff not amounting to felonious conduct; or *Page 5 
 (b) possession of a dangerous instrument not amounting to felonious conduct.
 (2) 3-6 months if the conduct involved —
 (a) possession or use of alcohol; or
 (b) possession or use of controlled substance (other than possession of a controlled substance with intent to distribute).
 (3) 0-6 months for any other misdemeanor conduct.
 (4) 0-2 months for any other disciplinary infraction.
 {¶ 9} 4. In his complaint, relator alleges that the above-quoted provisions of policy 105-PBD-03 and the guidelines manual violate R.C.2967.13(A), the decision of the Supreme Court of Ohio in Layne v. OhioAdult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719, and the decision of this court in Ankrom v. Ohio Adult Parole Auth., Franklin App. No. 04AP-984, 2005-Ohio-1546.
 {¶ 10} 5. At paragraph five of his complaint, relator alleges:
 Inmates of level 4 such as Mr. Watley are being denied meaningful consideration for parole, because the parole authority will only hold a "paper hearing" in which they will come and see the inmate on his scheduled parole hearing, but deny the inmate parole eligibility and meaningful consideration for parole by continuing the inmate until his security classification level is reduced to a security level less than level 4.
 {¶ 11} 6. At paragraph eleven of his complaint, relator alleges:
 Respondents are denying inmate meaningful consideration for parole by placing inmates in the offense category of his conviction but is "elevated" based on "conduct reports" that inmates have received in prison but these conduct reports did not result in a new criminal conviction. *Page 6 
 {¶ 12} 7. In the final paragraph of his complaint (paragraph 21), relator demands:
 For the reasons set forth[,] the petitione[r] requests] that this court orders [sic] the respondents] to comply with the said cases and statue and prevent respondents from applying DRC policy 105-PBD-03 to parole decision.
 {¶ 13} 8. On September 28, 2006, respondents filed a motion to dismiss. In their memorandum in support, respondents claim that relator failed to meet the filing requirements for inmates set forth at R.C.2969.25(A) and (C) and 2969.26(A). R.C. 2969.25(A) requires that an inmate file an affidavit describing prior actions he has filed. R.C.2969.25(C) sets forth the requirements for an affidavit of indigency. R.C. 2969.26(A) requires an inmate to exhaust the prison grievance system prior to filing a civil action against a government entity or employee.
 {¶ 14} 9. In respondents' memorandum in support of the motion to dismiss, respondents argue the legality of policy 105-PBD-03 and, on that basis, claim that relator has failed to state a claim upon which relief can be granted.
 {¶ 15} 10. On October 17, 2006, relator filed four documents captioned as follows: (1) "Motion for leave to amend complaint"; (2) "Affidavit listing remainder of cases he has filed in last 5 years" (affidavit listing cases); (3) "Affidavit of exhaustion"; and (4) "Petitioner opposition to Respondents motion to dismiss" (memorandum in opposition).
 {¶ 16} 11. In his motion for leave to amend complaint, relator states that he seeks to comply with the statutory filing requirements for inmates.
 {¶ 17} 12. In his affidavit listing cases, relator describes additional prior actions he has filed within the last five years. *Page 7 
 {¶ 18} 13. In his affidavit of exhaustion, relator avers that he exhausted his administrative remedies prior to filing the instant action.
 {¶ 19} 14. In his memorandum in opposition, relator argues that he has now met all the statutory filing requirements for inmates and he further argues how the Layne and Ankrom cases support his complaint.
Conclusions of Law: {¶ 20} It is the magistrate's decision that this court grant respondents' motion to dismiss.
 {¶ 21} Although the magistrate concurs with respondents' request for dismissal, he does so for reasons different than that set forth by respondents.
 {¶ 22} To begin, the magistrate grants relator's October 17, 2006 motion for leave to amend his complaint to the extent that relator's affidavit of exhaustion and his affidavit listing cases are accepted as if they were filed on the date of the filing of this original action.
 {¶ 23} However, the magistrate declines to rule on respondents' claim that relator has failed to meet the filing requirements for inmates set forth at R.C. 2969.25(A) and (C) and 2969.26(A).
 {¶ 24} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28,29. A *Page 8 
declaratory judgment action can constitute such a remedy. State ex rel.McCullough v. Indus. Comm. (2002), 94 Ohio St.3d 156, 158.
 {¶ 25} It is clear from the complaint that its true object is a court declaration that the above-quoted provisions of policy 105-PBD-03 and the guidelines manual impermissibly conflict with R.C. 2967.13(A), and the Layne and Ankrom decisions. Also, the complaint seeks a prohibitory injunction against respondents preventing them from applying those provisions to relator's parole eligibility status.
 {¶ 26} Where the real goals of a mandamus action are declaratory judgment and a prohibitory injunction, this court lacks jurisdiction over the action. State ex rel. Ohio Apartment Assoc. v. Wilkins, Franklin App. No. 06AP-198, 2006-Ohio-6783.
 {¶ 27} Based upon the above analysis, the magistrate finds that this action is barred by a plain and adequate remedy at law.
 {¶ 28} Accordingly, relator's October 17, 2006 motion for leave to amend complaint is granted. However, it is the magistrate's decision that this court grant respondents' motion to dismiss. *Page 1