DECISION
{¶ 1} Relator, DaimlerChrysler Corporation, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to eliminate from its order declaring an overpayment of compensation, a provision that limits relator's recovery of the overpayment to the scheme set forth in R.C. 4123.511(J).
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) There appears to be no dispute that relator overpaid the claimant TTD compensation as a result of a ministerial error. However, the parties dispute what remedy is available to relator to recover the overpayment. The magistrate found that because relator had not yet sought a remedy to recover the overpayment, relator failed to present a controversy that was ripe for review in mandamus. Accordingly, the magistrate recommended that this court deny relator's request for a writ of mandamus.
 {¶ 3} Relator filed an objection to the magistrate's decision. Relator's objection does not directly address the issue of ripeness. Relator alleges that respondent abused its discretion by ordering relator to recover the overpayment of TTD compensation solely by means of the repayment schedule contained in R.C. 4123.511(J). We interpret the commission's order as limiting relator's remedy to recovery pursuant to R.C. 4123.511(J). Therefore, contrary to the conclusion reached by the magistrate, we find that the issue raised in this action is ripe for review.
 {¶ 4} In its objection, relator argues that the magistrate should have found that R.C. 4123.511(J) was inapplicable because that provision only applies to overpayments created by the administrative or judicial reversal of a previous order to pay compensation — not overpayments made in error. We agree. R.C. 4123.511(J) provides in relevant part:
Upon the final administrative or judicial determination under this section * * * of the Revised Code of an appeal of an order to pay compensation, if a claimant is found to have received compensation pursuant to a prior order which is reversed upon subsequent appeal, the claimant's employer, if a self-insuring employer * * * shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future, under * * * the amount of previously paid compensation to the claimant which, due to reversal upon appeal, the claimant is not entitled, pursuant to the following criteria:
* * *
* * * [S]elf-insuring employers, as appropriate, are subject to the repayment schedule of this division only with respect to an order to pay compensation that was properly paid under a previous order, but which is subsequently reversed upon an administrative or judicial appeal. * * *
 {¶ 5} This statutory language reflects a legislative intent to limit this repayment option to those situations where there has been overpayment created by the administrative or judicial reversal of a previous order to pay compensation. Therefore, we find that the commission's order improperly required the application of the provisions of R.C. 4123.511(J) to the overpayments at issue in this case.
 {¶ 6} However, because relator has not yet sought any other specific remedy for recovering the overpayment, we decline to address what recovery remedies may be available to relator under these circumstances.
 {¶ 7} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts. Therefore, we adopt the magistrate's findings of fact. However, we decline to adopt the magistrate's conclusions of law. Rather, we modify the conclusions of law as expressed herein. Accordingly, we grant a writ of mandamus and order the respondent to eliminate from its order the provision that limits relator's remedy for the overpayment to the scheme set forth in R.C.4123.511(J).
Objection sustained; writ of mandamus granted.
 BROWN, P.J., and SADLER, J., concurs. APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. :
DaimlerChrysler Corporation, :
 Relator, :
v. No. 04AP-882 :
Jose Lopez, Jr. and Industrial : (REGULAR CALENDAR)
Commission of Ohio, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on February 23, 2005 Eastman Smith LTD., Thomas A. Dixon and Richard L. Johnson, for relator.
Jim Petro, Attorney General, and Gerald H. Waterman, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 8} In this original action, relator, DaimlerChrysler Corporation, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to eliminate from its order declaring an overpayment of compensation a provision that allegedly limits relator's recovery of the overpayment to the scheme set forth at R.C. 4123.511(J).
Findings of Fact:
 {¶ 9} 1. Relator, a self-insured employer under Ohio's workers' compensation laws, is the liable employer on an industrial claim in which Jose Lopez, Jr. ("Lopez") is the claimant. The claim is for an injury that occurred on February 7, 2002.
 {¶ 10} 2. Following his receipt of temporary total disability ("TTD") compensation from relator, Lopez returned to work on April 17, 2002. However, relator paid Lopez TTD compensation through April 21, 2002, before it stopped further payments.
 {¶ 11} 3. On February 26, 2004, relator sent a letter to Lopez asking him to forward to relator the overpaid amount of $137.19 or to sign a payroll deduction authorization form for the amount. Lopez did not forward the amount nor did he authorize a deduction from his paycheck as requested by relator.
 {¶ 12} 4. On March 10, 2004, relator moved the commission for a declaration of an overpayment in the amount of $137.19 in Lopez's claim.
 {¶ 13} 5. Following an April 29, 2004 hearing, a district hearing officer ("DHO") issued an order declaring an overpayment of TTD compensation from April 17 to April 21, 2002, and further providing that the overpayment is "to be collected in the same manner as an overpayment pursuant to O.R.C. 4123.511(J), pursuant to Hearing Officer Manual Policy S2."
 {¶ 14} 6. Relator administratively appealed the DHO's order of April 29, 2004, because it objected to the language in the order limiting recoupment to R.C. 4123.511(J).
 {¶ 15} 7. Following a June 15, 2004 hearing, a staff hearing officer ("SHO") issued an order stating that the DHO's order was being "modified." The SHO's order declares an overpayment of TTD compensation from April 17 through April 21, 2002. The order further provides: "Collection ordered under O.R.C. 4123.511(J) consistent with Commission Hearing Officer Manual S2."
 {¶ 16} 8. On July 15, 2004, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of June 15, 2004.
 {¶ 17} 9. On August 31, 2004, relator, DaimlerChrysler Corporation, filed this mandamus action.
Conclusions of Law:
 {¶ 18} Because this action fails to present a controversy that is ripe for review in mandamus, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 19} The ripeness doctrine is explained by the Supreme Court of Ohio in State ex rel. Elyria Foundry Co. v. Indus. Comm. (1998),82 Ohio St.3d 88, 89:
* * * Ripeness "is peculiarly a question of timing." Regional RailReorganization Act Cases (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357,42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." Abbott Laboratories v. Gardner (1967),387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:
"The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum.L.Rev. 867, 876.
 {¶ 20} Effective September 29, 1997, R.C. 4123.511(J) provides:
Upon the final administrative or judicial determination under this section or section 4123.512 of the Revised Code of an appeal of an order to pay compensation, if a claimant is found to have received compensation pursuant to a prior order which is reversed upon subsequent appeal, the claimant's employer, if a self-insuring employer, or the bureau, shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future, under Chapter 4121., 4123., 4127., or 4131. of the Revised Code, the amount of previously paid compensation to the claimant which, due to reversal upon appeal, the claimant is not entitled, pursuant to the following criteria:
(1) No withholding for the first twelve weeks of temporary total disability compensation pursuant to section 4123.56 of the Revised Code shall be made;
(2) Forty per cent of all awards of compensation paid pursuant to sections 4123.56 and 4123.57 of the Revised Code, until the amount overpaid is refunded;
(3) Twenty-five per cent of any compensation paid pursuant to section4123.58 of the Revised Code until the amount overpaid is refunded;
(4) If, pursuant to an appeal under section 4123.512 of the Revised Code, the court of appeals or the supreme court reverses the allowance of the claim, then no amount of any compensation will be withheld.
The administrator and self-insuring employers, as appropriate, are subject to the repayment schedule of this division only with respect to an order to pay compensation that was properly paid under a previous order, but which is subsequently reversed upon an administrative or judicial appeal. The administrator and self-insuring employers are not subject to, but may utilize, the repayment schedule of this division, or any other lawful means, to collect payment of compensation made to a person who was not entitled to the compensation due to fraud as determined by the administrator or the industrial commission.
 {¶ 21} Thus, R.C. 4123.511(J) provides for a repayment schedule against future awards that permit the claimant to retain some amount of weekly benefit during the repayment process. It also provides that the repayment schedule need not be applied in cases of fraud.
 {¶ 22} In State ex rel. Sysco Food Serv. of Cleveland, Inc. v. Indus.Comm. (2000), 89 Ohio St.3d 612, the court held that R.C. 4123.512(H) must be read as preserving the employer's right to surplus fund reimbursement. Sysco had moved the commission for reimbursement from the surplus fund for an overpayment of compensation and benefits resulting when the claim was ultimately disallowed in its entirety by a court of common pleas. The commission denied Sysco surplus fund reimbursement, ruling that Sysco's recovery rights were instead governed by R.C.4123.511(J).
 {¶ 23} The Sysco court found that R.C. 4123.511(J) offers little relief to the self-insured employer for it is, at best, speculative. The scheme under R.C. 4123.511(J) hinges on the employee seeking additional compensation which may never occur. The Sysco court found that R.C.4123.511(J), as applied to Sysco, denied it the right to a remedy guaranteed by Section 16, Article I of the Ohio Constitution.
 {¶ 24} Contrary to relator's suggestion here, the Sysco court did not declare R.C. 4123.511(J) to be "unconstitutional." The Sysco court did not declare R.C. 4123.511(J) a nullity. Presumably, Sysco could have chosen to proceed under R.C. 4123.511(J)'s recovery schedule. However, the commission could not deny Sysco surplus fund reimbursement on grounds that R.C. 4123.511(J) provides the sole remedy.
 {¶ 25} Here, the parties have stipulated to a copy of the commission's Memo S2 effective May 7, 2001, which presents the commission's "overpayment policy." The first paragraph of Memo S2 states: "When a decision at hearing will result in an overpayment, the Hearing Officer shall make a specific finding of overpayment and declare that the overpayment shall be collected pursuant to O.R.C. 4123.511(J)."
 {¶ 26} As the SHO's order of June 15, 2004 indicates, the SHO entered a finding that the overpayment be collected pursuant to R.C. 4123.511(J). Relator contends here that the commission erred as a matter of law by entering the finding that the overpayment be collected pursuant to R.C.4123.511(J).
 {¶ 27} According to relator, the commission should have found that the overpayment can be collected by any lawful means including surplus fund reimbursement. Relator also contends that the language of R.C. 4123.511(J) specifically bars it from collecting the overpayment under R.C. 4123.511(J) because the overpayment did not result from a reversal of a prior award upon appeal.
 {¶ 28} Here, the commission argues that it is not unlawful for it to prescribe the use of R.C. 4123.511(J)'s withholding schedule in situations where overpayments occur that do "not squarely fit within the statutory scheme" such as where "an amount is inadvertently paid to a claimant" and "no formal order was being vacated or otherwise reversed." (Commission's brief at 4-5.)
 {¶ 29} The magistrate finds that the controversy relator attempts to present here is not ripe for review in mandamus.
 {¶ 30} Relator has not moved for surplus fund reimbursement, and relator points to no other remedy it may have to collect the overpayment.
 {¶ 31} Moreover, if relator feels that the commission erred by prescribing R.C. 4123.511(J) as a remedy, it can elect to forego the remedy.
 {¶ 32} Clearly, any question as to whether relator may be entitled to surplus fund reimbursement is not before this court in this action. Again, relator has not moved for surplus fund reimbursement and the commission has not ruled on the issue.
 {¶ 33} At oral argument, after some questioning by the magistrate, relator's counsel claimed that the provision in the SHO's order that the overpayment be collected pursuant to R.C. 4123.511(J) bars a motion or request for surplus fund reimbursement.
 {¶ 34} In the magistrate's view, relator cannot assert here that the commission will deny surplus fund reimbursement based on R.C. 4123.511(J) until relator has requested surplus fund reimbursement and the commission has denied it.
 {¶ 35} In short, relator is asking this court to address the abstract and the hypothetical. Under such circumstances, the issues relator presents here are not ripe for review.
 {¶ 36} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.