DECISION
{¶ 1} Relator, DaimlerChrysler Corporation, commenced this original action requesting that this court issue a writ of mandamus ordering respondent Self-Insuring Employers Evaluation Board ("SIEEB") to vacate its order which found that the self-insured complaint filed against relator by respondent Cynthia A. Miners ("claimant") was valid and ordering SIEEB to find that relator properly attempted to recoup the overpayment made to claimant.
 {¶ 2} This court referred the matter to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that relator has not demonstrated that SIEEB abused its discretion in finding that the self-insured complaint filed by the claimant was valid, and that relator has an adequate remedy in the ordinary course of law pursuant to the declaratory judgment provisions of the Ohio Revised Code. The magistrate accordingly recommended that this court deny the requested writ. Relator has filed objections to the magistrate's decision, and the matter is now before this court for a full, independent review.
 {¶ 3} Relator's two objections to the magistrate's decision are as follows:
1. The Magistrate erred by finding that respondent Self-Insuring Employers Evaluation Board did not abuse its discretion in upholding the validity of the self-insured complaint filed against relator DaimlerChrysler Corporation.
2. The Magistrate erred by finding that relator DaimlerChrysler Corporation has an adequate remedy at law by means of a declaratory judgment action pursuant to the provisions of R.C. Chapter 2721.
 {¶ 4} In this mandamus action, relator must establish that: (1) it has a clear legal right to the relief requested; (2) respondent SIEEB is under a clear legal duty to perform the act requested; and (3) relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v.McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 5} By its first objection, relator argues that the magistrate erred in finding that SIEEB did not abuse its discretion in upholding the validity of the self-insured complaint filed against relator. Relator contends that SIEEB erroneously concluded that it had acted unlawfully in its attempt to directly recoup an overpayment, which was caused by a clerical error, from the claimant. Regarding the issue of whether relator improperly sought to recoup an overpayment directly from the claimant, SIEEB determined that "[n]o right exists under Ohio law for a self-insuring employer to unilaterally recoup overpayments of workers' compensation benefits directly from their employees, via payroll deduction, personal check, or otherwise. In the absence of such a right, the employer acted unlawfully in this case by demanding such payment from the injured worker." (Oct. 14, 2004 SIEEB Order, at 2.)
 {¶ 6} In this mandamus action, relator seems to argue that its actions relating to its attempt to recover the overpayment were not precluded by any Ohio law and, therefore, because they were not contrary to law, they were not unlawful. Relator asserts that in order for an action to be "unlawful," it must have "broken some law." (Relator's Memorandum in Support of Objections to Magistrate's Decision, at 3.) It then follows, according to the reasoning of relator, that SIEEB's order was erroneous. We find that relator's definition of "unlawful" is not entirely accurate. As applicable in this case, Black's Law Dictionary defines "unlawful," as "[n]ot authorized by law; illegal." Black's Law Dictionary (7th Ed. 1999) 1536.
 {¶ 7} In assessing whether SIEEB abused its discretion, the magistrate analyzed R.C. 4123.511(J), which mandates that, in specified circumstances, reimbursement must occur via an offset from any future claims made by a claimant. The magistrate determined that R.C. 4123.511(J) does not expressly address the situation presented in this case. However, the magistrate observed that R.C. 4123.511(J) does not expressly authorize the method of recoupment attempted by relator in this case. The magistrate reasoned that "[b]ecause R.C. 4123.511(J) does not expressly support relator's assertions, this magistrate cannot say that relator has a clear legal right for the request relator seeks in this mandamus action." (Infra, at ¶ 35.) The magistrate resolved that SIEEB did not abuse its discretion by finding that relator's actions were improper and unlawful.
 {¶ 8} Subsequent to the magistrate's decision in this case, this court, in State ex rel. DaimlerChrysler v. Lopez, Franklin App. No. 04AP-882, 2005-Ohio-4640, at ¶ 4, determined that R.C.4123.511(J) is only applicable when an overpayment is created by the administrative or judicial reversal of a previous order to pay compensation, and is therefore not applicable when overpayments are made as a result of ministerial error. InLopez, this court did not resolve the issue of how the self-insured employer, DaimlerChrysler, could legally recover an overpayment resulting from an employer clerical error. See id. at ¶ 6 ("because relator has not yet sought any other specific remedy for recovering the overpayment, we decline to address what recovery remedies may be available to relator under these circumstances.")
 {¶ 9} Therefore, in this case, relator was not "limited" to recovering an overpayment under R.C. 4123.511(J), as that section is inapplicable. The issue becomes what remedy did relator have under Ohio law to recover the overpayment, or, more appropriately, what were relator's rights to recoupment under Ohio law. Even assuming relator had the legal authority to recoup the overpayment via a reimbursement from the state surplus fund[1] and/or by deducting the overpayment from any future compensation (as occurred in this case), we find no law authorizing a self-insured employer to unilaterally recoup an overpayment, which resulted from a clerical error, directly from a claimant via a personal check, money order, or payroll deduction. Furthermore, relator has cited no law providing it with the legal authority to recoup an overpayment in the manner in which it attempted. In the absence of that authority, we find that it was not an abuse of discretion for SIEEB to determine that relator acted unlawfully and improperly. Therefore, relator has failed to demonstrate that it is entitled to a writ of mandamus ordering the board to vacate its order finding the complaint valid.
 {¶ 10} Accordingly, we overrule relator's first objection to the magistrate's decision.
 {¶ 11} Under its second objection, relator argues that the magistrate erred in finding that relator has an adequate remedy at law pursuant to the declaratory judgment provisions of R.C. Chapter 2721. Considering relator has failed to demonstrate a clear legal right to the relief requested, we need not address whether there exists an adequate remedy at law. Therefore, relator's objection as to that issue is moot.
 {¶ 12} Based on our independent review of the record, we adopt the magistrate's findings of fact and conclusions of law, as amplified herein, as to the issue of whether relator has demonstrated a clear legal right to the relief requested. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Writ denied.
Bryant and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : DaimlerChrysler Corporation, : :
Relator, : :
v. : No. 04AP-1222 :
Self-Insuring Employers Evaluation : (REGULAR CALENDAR) Board and Cynthia A. Miners, : Respondents. :
 MAGISTRATE'S DECISION Rendered on May 31, 2005 Eastman Smith LTD, Thomas A. Dixon and Richard L.Johnson, for relator.
Jim Petro, Attorney General, and Dennis L. Hufstader, for respondent Self-Insuring Employers Evaluation Board.
Gallon Takacs Co., L.P.A., and Martha Wilson-Burres, for respondent Cynthia A. Miners.
 IN MANDAMUS {¶ 13} Relator, DaimlerChrysler Corporation, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Self-Insuring Employers Evaluation Board ("SIEEB") to vacate its order which found that the self-insured complaint filed against relator by respondent Cynthia A. Miners ("claimant") was valid and ordering SIEEB to find that relator properly attempted to recoup the overpayment made to claimant.
Findings of Fact:
 {¶ 14} 1. Claimant sustained a work-related injury on May 9, 2003, and subsequently filed a claim with the Ohio Bureau of Workers' Compensation ("BWC").
 {¶ 15} 2. Due to her injury, claimant was off work from May 15 through June 3, 2003.
 {¶ 16} 3. By letter dated July 25, 2003, relator, through its third-party administrator, ESIS, certified claimant's claim for: "right medial/lateral epicondylitis," and indicated that temporary total disability ("TTD") compensation would be paid to claimant from May 15 through June 3, 2003, because claimant was able to return to work on June 4, 2003. As such, relator requested that the hearing scheduled for August 1, 2003 be cancelled.
 {¶ 17} 4. Due to clerical error, relator paid TTD compensation to claimant for the period from May 15 to July 6, 2003, instead of May 15 to June 3, 2003. By letter dated September 2, 2003, relator informed claimant of the overpayment and sought repayment in the amount of $3,036. In a September 2, 2003 letter, relator instructed claimant that she had the choice of repaying the money to relator in one of two ways:
* * * [Y]ou were overpaid Workers' Compensation benefits in the amount of $3036.00.
To complete the process, please sign and return the enclosed Payroll Deduction Authorization form immediately. * * *
-OR-
You may elect to pay the entire amount due by sending a personal check or money order in the amount of $3036.00 made payable to DaimlerChrysler Corporation within the next 30days. * * *
If you have questions, please contact me[.] * * *
(Emphasis sic.) Attached to the letter relator provided the following additional information:
Period of Time Paid:
 TT paid 5/15/03-7/6/03 $4876.00 TT should be 5/15/03-6/3/03-1840.00 (EE RTW 6/4/03) TT OVERPAID $3036.00
 {¶ 18} 5. By letter dated September 17, 2003, claimant, through counsel, sent a letter to ESIS requesting documentation concerning the overpayment and seeking medical records pertaining to six of claimant's workers' compensation claims.
 {¶ 19} 6. On November 18, 2003, claimant filed a self-insured complaint against relator with the BWC's self-insured department. The complaint alleged that relator had not advised claimant that the overpayment could be taken out of future awards of compensation and was only given the option of a payroll deduction or making payments on the overpayment. Furthermore, the complaint alleged that relator had not provided the documentation claimant sought regarding the overpayment or provided copies of medical records as requested.
 {¶ 20} 7. By letter dated November 26, 2003, ESIS responded on behalf of relator to claimant's self-insured complaint, in pertinent part, as follows:
This overpayment was recognized through an audit of the file and it is my understanding it did not arise through the reversal of an IC order. Our overpayment letter was reviewed previously by BWC Auditors and found to be acceptable upon slight modifications which were made several months ago.
My client, DaimlerChrysler, is supportive of the method of recovery here and indeed has challenged other allegations of a violation with respect to overpayments and their recovery. There is no foundation for this alleged complaint. Mr. William Holt, Attorney at Law and Disability Programs Manager with DaimlerChrysler, has spoken at great length in other instances and made it clear that a violation cannot exist if there is no clear principal of law, rule, or policy that proscribes the involved behavior. The law and rules do not proscribe this behavior. He previously stated that he is not even aware of clear policies that proscribe the behavior but, if they exist, they would conflict with other policies that do not appear to proscribe the behavior.
In terms of the allegation stating no documentation was provided regarding the overpayment, I will simply respond by saying the breakdown was accompanied within the overpayment letter. TT was paid through 7/6/03 although the claimant [returned to work] on 6/4/03. We sent the requested information in June for the original request and then again on 10/7/03. * * *
 {¶ 21} 8. By letter dated February 27, 2004, relator was informed of the initial outcome of the investigation of claimant's complaint as follows:
* * * The complaint alleges that you, Daimler-Chrysler Corporation, informed the [injured worker] of the overpayment but did not tell her that the overpayment could be recouped from future awards. Instead, according to the complaint, you sent a letter requesting repayment through payroll deduction or by making payments. In the meantime, however, according to your documentation, the overpayment was recovered by deducting the full amount from a new period of TT which began on 08-26-2003 and ended 11-17-2003. It is BWC's position that overpayments are to be recouped by the percentages as outlined in ORC Section4123.511(J). Therefore, this portion of the complaint is valid.
(Emphasis sic.) Relator was also informed that the claimant's allegation that relator had failed to provide documentation and medical records was also valid.
 {¶ 22} 9. By letter dated March 19, 2004, relator, through ESIS, requested reconsideration and provided the following explanation for relator's decision to recoup the overpayment from claimant in the manner attempted:
My client, DaimlerChrysler, asserts that the specific content of the overpayment letter was reviewed by the Bureau of Workers' Compensation at an audit in late 2002 and approved for use. Indeed the employer was present at the discussions involving this letter's format and the exact question of an "option" was addressed. The letter invites the claimant to call if there are any questions and, as per the employer, the auditors agreed that that opportunity was sufficient to allow an alternative to be addressed. * * * DaimlerChrysler suggests to you that there is no legitimate basis for the Ohio Bureau of Workers' Compensation to take two separate positions on the same issue and cannot overstress that this was specifically discussed with the auditors and that the employer was personally present at these discussions. In their opinion, DaimlerChrysler relied upon the Bureau's own personnel in proceeding as they have.
In terms of deducting the full amount, DaimlerChrysler contends that 4123.511(J) does not apply to all overpayments but that it is limited by its very own terms. It commences with the phrase "Upon the final administrative or judicial determination." The overpayment at issue was not one created by a "final administrative or judicial determination." Absent that fact pattern, they feel that code section does not apply.
 {¶ 23} 10. By letter dated April 26, 2004, John Romig of the BWC's self-insured department issued a letter denying reconsideration of the self-insured complaint as it pertained to relator's attempt to recoup the overpayment and stated, in pertinent part, as follows:
While the Bureau has no reason to dispute the fact that an auditor approved a certain letter several years ago this employer has been advised on several occasions since that time that the information from the auditor was incorrect. Neither BWC nor a self-insuring may recoup an overpayment from future awards at 100% absent a specific finding of fraud.
On at least one previous occasion, Mr. Holt of Daimler has been informed of the Bureau's legal position on this issue. R.C.4123.511(J) does state that BWC and self-insuring employers "are subject to the repayment schedule of this division only with respect to [']an order to pay compensation that was properly paid under a previous order, but is subsequently reversed upon an administrative or judicial appeal.['] " This paragraph was added to the statute on September 19, 2997 to exempt fraudulently obtained compensation from the repayment schedule and allow recoupment of those payments at 100%. Additionally, the language of the paragraph directs that a distinction be made between compensation properly paid versus paid "due to fraud." The paragraph's last sentence further specifies that the exemption from the repayment schedule applies "to a person who was not entitled to the compensation due to fraud as determined by the administrator or the Industrial Commission." By remaining silent in regard to persons who receive other type of overpayments the final sentence implies that the repayment schedule applies to them. This interpretation is also required by the direction of R.C. 4123.95 that the workers' compensation laws be liberally construed in favor of injured workers.
In addition, I am enclosing the BWC policy contained in its Claims Management Guide that specifically addresses the recoupment of overpayments due to clerical error. This policy which I have enclosed indicates that" overpayments of compensation created by clerical error and return to work (RTW) are recouped according to ORC 4123.511(J) unless the method of recoupment causes a financial hardship. Therefore, it is clear that absorption by the BWC must be done in accordance with 511 (J). Consistent with R.C. 4123.35 an employee of a self-insuring employer should not be put in a less desirable position than that individual would be had he or she been receiving compensation from the state fund.
 {¶ 24} 11. By letter dated May 5, 2004, relator requested that the matter be submitted to SIEEB for further consideration; further asserting that relator's opinion that R.C. 4123.511(J) does not apply and asserting that relator is entitled to recoup the overpayment from claimant in the manner attempted.
 {¶ 25} 12. On October 14, 2004, SIEEB issued its order upholding the validity of the self-insured complaint. SIEEB concluded that the overpayment did result from a clerical error. SIEEB explained relator's position as follows: relator argues that because the overpayment resulted from a clerical error and its unilateral declaration of an overpayment was not the result of a reversal of a prior order to pay compensation, relator was not restricted by R.C. 4123.511(J) in its methods to recoup the overpaid compensation. For purposes of its decision, SIEEB assumed that R.C. 4123.511(J) did not apply to the overpayment declared by relator, yet determined that relator did not act properly or lawfully regarding the manner in which relator attempted to recoup the overpayment. Specifically, the SIEEB order states, as follows:
No right exists under Ohio law for a self-insuring employer to unilaterally recoup overpayments of workers' compensation benefits directly from their employees, via payroll deduction, personal check, or otherwise. In the absence of such a right, the employer acted unlawfully in this case by demanding such payment from the injured worker. See, e.g., State ex rel. Nestle USAPrepared Foods Div. v. Indus. Comm. (2003), 101 Ohio St.3d 386
(upholding Board decision of valid self-insured complaint on grounds that self-insured employer had no authority to unilaterally terminate temporary total disability compensation); see, also, State ex rel. Weimer v. Indus. Comm. (1980),62 Ohio St.2d 159 (recognizing the right to recoup overpayments caused by clerical error from future compensation awards).
Additionally, a self-insuring employer is required pursuant to Ohio Administrative Code 4123-19-03(I)(3) to provide information to injured workers regarding the processing of their claims and benefits. Because an overpayment declaration, and the collection of the overpayment, seeks to deprive an injured worker of benefits, the injured worker must be provided information necessary to protect her right to such benefits when notified of the overpayment. At a minimum, this includes an explanation of the basis of the overpayment. This also includes information regarding the right to dispute the overpayment, and regarding all of the employee's options regarding collection of the overpayment.
The employer's September 2, 2003 letter to the injured worker in this case fails entirely to advise the injured worker of the basis of the overpayment declared in that letter. Further, the letter fails to advise the injured worker of her right to dispute the overpayment. Finally, the letter did not inform the injured worker that she had the right to have the overpayment recouped from future compensation awards, as permitted by law. By failing to provide the injured worker with information necessary to enable her to make an informed decision regarding the overpayment declared by the employer in this case, the employer failed to fulfill its obligations under Ohio Administrative Code4123-19-03(I)(3).
Although the employer has argued and presented testimony at hearing that the language used in its September 2, 2003, letter was based on a form that was approved by representatives of the Self-Insured Department of the Bureau of Workers' Compensation during a self-insured audit in October, 2002, the employer has failed to provide documentation of this approval. Therefore, the Board does not find the testimony of the employer's representative in this regard to be persuasive.
Further, irrespective of whether Bureau of Workers' Compensation auditors verbally approved the statements contained in the September 2, 2003 letter, the method employed in that letter to collect the overpayment was not authorized by law. Self-insuring employers authorized by the Bureau of Workers' Compensation to administer their employees' claims under the workers' compensation laws of Ohio are required to be familiar with those laws. Approval of unlawful activity by Bureau of Workers' Compensation representatives, actual or perceived, does not make the activity lawful.
 {¶ 26} 13. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 27} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 28} Relator asserts that it is entitled to a writ of mandamus ordering SIEEB to vacate its order finding that claimant's complaint was valid because relator's method of attempting to recoup the overpayment of TTD compensation paid to claimant was a result of clerical error on the part of relator was improper and unlawful. Relator asserts that R.C. 4123.511(J) does not apply to the recoupment of overpayments occasioned by clerical errors in the absence of an order to pay compensation and that relator's actions were not unlawful. Accordingly, for the reasons that follow, this magistrate would deny relator's request for a writ of mandamus.
 {¶ 29} R.C. 4123.511(J) provides, in pertinent part, as follows:
Upon the final administrative or judicial determination under this section or section 4123.512 of the Revised Code of an appeal of an order to pay compensation, if a claimant is found to have received compensation pursuant to a prior order which is reversed upon subsequent appeal, the claimant's employer, if a self-insuring employer, or the bureau, shall withhold from any amount to which the claimant becomes entitled pursuant to any claim, past, present, or future * * * the amount of previously paid compensation to the claimant which, due to reversal upon appeal, the claimant is not entitled, pursuant to the following criteria:
(1) No withholding for the first twelve weeks of temporary total disability compensation pursuant to section 4123.56 of the Revised Code shall be made;
(2) Forty per cent of all awards of compensation paid pursuant to sections 4123.56 and 4123.57 of the Revised Code, until the amount overpaid is refunded:
(3) Twenty-five per cent of any compensation paid pursuant to section 4123.58 of the Revised Code until the amount overpaid is refunded;
(4) If, pursuant to an appeal under section 4123.512 of the Revised Code, the court of appeals or the supreme court reverses the allowance of the claim, then no amount of any compensation will be withheld.
The administrator and the self-insuring employers, as appropriate, are subject to the repayment schedule of this division only with respect to an order to pay compensation that was properly paid under a previous order, but which is subsequently reversed upon an administrative or judicial appeal. The administrator and self-insuring employers are not subject to, but may utilize, the repayment schedule of this division, or any other lawful means, to collect payment of compensation made to a person who was not entitled to the compensation due to fraud as determined by the administrator or the industrial commission.
 {¶ 30} Prior to the enactment of R.C. 4123.511(J), a claimant was not required to reimburse the BWC for overpaid compensation when the compensation was paid by the BWC in the good-faith belief that it was due to the claimant and accepted by claimant in the good-faith belief that it was due to him. State ex rel.Martin v. Connor (1984), 9 Ohio St.3d 213 (indicating that an award based on certain types of mistakes would not be recouped from the claimant, but, that, where compensation was received due to the claimant's fraud or imposition, then the overpayment could be recouped from the claimant). In addition, this court specifically ruled in State ex rel. RMI Co. v. Indus. Comm.
(1990), Franklin App. No. 98AP-639, that the BWC may obtain reimbursement from the claimant when the overpayment resulted from the claimant's fraud. This court noted that R.C. 4123.515
allows reimbursement under certain circumstances from the state insurance fund and, under limited circumstances, such as fraud by the claimant, then recoupment can be made from the claimant.
 {¶ 31} R.C. 4123.515 provided that benefits and compensation would be paid following the decision of a district hearing officer unless an administrative appeal was taken, during which appeal benefits in compensation would be withheld. The statute further provided that, where the ruling at the next level was in favor of the claimant, then benefits and compensation would be paid (by the BWC or the self-insured employer) whether or not further appeal was taken. However, if the claim was subsequently denied in whole or in part, the overpayment was charged to the surplus fund or, in the case of a self-insured employer, the amount was repaid to the employer from the surplus fund.
 {¶ 32} Furthermore, former R.C. 4123.519 contained certain provisions regarding court determinations, providing that, in the event compensation was paid that should not have been paid under the decision of the appellate court, then the amount of the overpayment would be charged to the surplus fund or, in the case of a self-insured employer, the amount would be repaid to the self-insurer from the surplus fund.
 {¶ 33} In State ex rel. Weimer v. Indus. Comm. (1980),62 Ohio St.2d 159, the Supreme Court of Ohio found that the BWC's recoupment of overpaid compensation due to clerical error from future payments of compensation was proper. Further, pursuant to R.C. 4123.35, employers are granted the privilege of self-insured status upon the assumption that their employees will not be put in a less than desirable position than employees receiving compensation from the state insurance fund.
 {¶ 34} R.C. 4123.515 and 4123.519 were designed to protect injured workers from mistakes made by the BWC or the Industrial Commission of Ohio as the statutes provided for payment of benefits during the pendency of appeals, with no recoupment from the claimant if awards were reversed administratively or judicially. The statutes also protected employers by charging overpaid amounts to the surplus fund and reimbursing the overpaid amounts to self-insured employers. R.C. 4123.515 and 4123.519
were repealed by the legislation that enacted R.C. 4123.511(J) which sets forth a method whereby overpayments are repaid by withholding a portion of present and future benefits until the overpaid amount is paid back.
 {¶ 35} Upon review of R.C. 4123.511(J) this magistrate finds that the statute does not expressly address the situation presented here. While R.C. 4123.511(J) does not expressly apply to the recoupment of overpayments made due to the clerical error of the employer, neither does it expressly authorize the method of recoupment the employer, relator herein, has attempted. Because R.C. 4123.511(J) does not expressly support relator's assertions, this magistrate cannot say that relator has a clear legal right for the request relator seeks in this mandamus action. Further, these laws are to be construed in a manner consistent with the purposes of the workers' compensation system. As such, this magistrate cannot say that SIEEB abused its discretion by finding that relator's actions were improper and unlawful.
 {¶ 36} Furthermore, this magistrate finds that relator has an adequate remedy in the ordinary course of law. R.C. 2721.02
provides, in pertinent part, as follows:
Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree.
R.C. 2721.03 additionally provides, in pertinent part:
Any person * * * whose rights, status, or other legal relations are affected by a constitutional provision [or] statute * * * may have determined any question of construction or validity arising under such * * * constitutional provision [or] statute * * * and obtain a declaration or rights, status, or other legal relations thereunder.
 {¶ 37} Relator, in essence, seeks a declaration of its rights to recoupment under the law, including under R.C. 4123.511(J). The nature of this controversy falls within that contemplated by the declaratory judgment provision of R.C. Chapter 2721. Under these facts, declaratory judgment provides an adequate remedy at law which precludes the issuance of a writ of mandamus. Berger,
supra.
 {¶ 38} Based on the foregoing, it is the magistrate's decision that relator has not demonstrated that SIEEB abused its discretion in finding that the self-insured complaint filed by the claimant was valid. Furthermore, the magistrate finds that relator has an adequate remedy in the ordinary course of law pursuant to the declaratory judgment provisions of the Ohio Revised Code. As such, this court should deny relator's request for a writ of mandamus.
[1] See State ex rel. Sysco Food Services of Cleveland, Inc.v. Indus. Comm. (2000), 89 Ohio St.3d 612, wherein the Supreme Court of Ohio held that R.C. 4123.512(H) entitles a self-insured employer to be reimbursed from the state surplus fund for payment made on a claim that was later disallowed. In this regard, we observe that the overpayment in this case resulted from a clerical error. Additionally, relator apparently did not move for an overpayment determination by the commission.