[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McQueen v. Weibling-Holliday,* Slip Opinion No. 2016-Ohio-5107.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5107

THE STATE EX REL. MCQUEEN, APPELLANT, *v.* WEIBLING-HOLLIDAY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McQueen v. Weibling-Holliday,* Slip Opinion No. 2016-Ohio-5107.]

*Mandamus—Bank customer lacks clear legal right to enforcement of private right against bank employee—Court of appeals' dismissal affirmed.*

(No. 2015-1497—Submitted April 5, 2016—Decided July 27, 2016.)

APPEAL from the Court of Appeals for Allen County, No. 1-15-28.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Third District Court of Appeals, which dismissed the mandamus action that relator-appellant, John McQueen, filed against respondent-appellee, Krystina T. Weibling-Holliday, an employee of JPMorgan Chase Bank ("Chase").

**{¶ 2}** McQueen entered the branch of Chase where Weibling-Holliday was an employee and opened a checking account with a $25 deposit. He alleges that he was to receive a $125 bonus once he made the initial deposit. He returned a few days later and asked to add overdraft protection to his account, and Weibling-Holliday helped him with the paperwork. Soon thereafter, McQueen repeatedly attempted to withdraw more money than was in the account, and Chase refused the overdrafts. McQueen came into the branch and complained to Weibling-Holliday that his overdrafts had not been honored. According to Weibling-Holliday, he was angry, loud, and profane, and employees at the bank felt threatened and called the police.

**{¶ 3}** McQueen alleges that Weibling-Holliday told him that he would not get the bonus because he is a Black Christian. Weibling-Holliday denies this. McQueen also asserts that Chase improperly closed his account.

**{¶ 4}** McQueen filed two legal actions. He filed a complaint in federal court under 42 U.S.C. 1983, alleging violations of his due-process and equal-protection rights. The district court dismissed the complaint, and McQueen has appealed to the Sixth Circuit.

**{¶ 5}** He also filed in the Third District Court of Appeals this original action seeking a writ of mandamus to compel Chase to pay him $100 a day from the date of the initial deposit until it "bring[s] his account back to normal." He asserts in the complaint that he has a clear legal right to the writ because Weibling-Holliday knew or reasonably should have known that she was discriminating against him when she failed to give him the bonus and closed his account. The court of appeals granted Weibling-Holliday's motion to dismiss the complaint. McQueen appealed.

**{¶ 6}** To be entitled to extraordinary relief in mandamus, McQueen must establish a clear legal right to the requested relief, a clear legal duty on the part of Weibling-Holliday to provide it, and the lack of an adequate remedy in the ordinary

course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 7} We affirm the judgment of the court of appeals for three reasons. First, to the extent that McQueen's allegations raise discrimination claims, he has litigated and continues to litigate those issues in the federal courts, and therefore those claims are res judicata.

{¶ 8} Second, any claim he has to a bonus or to the reopening of his Chase account sounds in contract, and a suit for breach of contract is an adequate remedy in the ordinary course of the law, *State ex rel. Russell v. Duncan*, 64 Ohio St.3d 538, 539, 597 N.E.2d 142 (1992).

{¶ 9} Third, McQueen has identified no clear legal right to, and no clear legal duty on the part of Weibling-Holliday to grant him, the relief he seeks. " 'Mandamus will not lie to enforce a private right against a private person.' " *Id.* at 538, quoting *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph eight of the syllabus.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

John McQueen, pro se.

Steptoe & Johnson, P.L.L.C., James C. Carpenter, Vincent I. Holzhall, and Alana M. Valle, for appellee.

_____