[Cite as *State ex rel. Swopes v. McCormick*, 2022-Ohio-306.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.,
DOMINIQUE SWOPES,                                   :

      Relator,                                      :

                                         No. 110860

      v.                                           :

HONORABLE TIMOTHY
MCCORMICK,                                          :

      Respondent.                                   :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** January 28, 2022

---

Writ of Mandamus
Motion Nos. 550835 and 551874
Order No. 552053

---

#### *Appearances:*

Cullen Sweeney, Cuyahoga County Public Defender, and
John T. Martin, Assistant Public Defender, *for relator.*

Flowers & Grube, Paul W. Flowers, and Louis E. Grube,
*for respondent.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Dominique Swopes has filed a complaint for a writ of mandamus. Swopes seeks an order from this court that requires Judge Timothy McCormick to

overturn his judgment with regard to a discovery matter and DNA testing as rendered in *State v. Swopes*, Cuyahoga C.P. No. CR-19-638518. Specifically, Swopes seeks: 1) a reversal of Judge McCormick's discovery order that granted the request by the Cuyahoga County Prosecuting Attorney ("prosecutor") to conduct additional DNA testing on genetic material preserved on behalf of Swopes; and 2) issue an order that requires Judge McCormick to allow Swopes to independently test the preserved genetic material. Judge McCormick has filed motions to dismiss that are granted for the following reasons.

## I. Procedural History and Factual Background

{¶ 2} On March 29, 2019, Swopes was indicted for five counts of aggravated murder with felony murder specifications (R.C. 2903.01(A)), two counts of aggravated burglary (R.C. 2911.12(A)(1)), two counts of aggravated arson (R.C. 2909.02(A)(1)), one count of aggravated robbery (R.C. 2911.01(A)(3)), one count of tampering with evidence (R.C. 2921.12(A)(1)), one count of receiving stolen property (R.C. 2913.51(A)), one count of murder (R.C. 2903.02(B)), and one count of felonious assault (R.C. 2903.11(A)(1)). Swopes remains incarcerated while he awaits trial on the charged offenses.

{¶ 3} As part of a criminal investigation, a DNA swab was taken from the doorknob of the home where two victims died in a suspected arson fire. The DNA sample was processed by the Ohio Bureau of Criminal Investigation ("BCI") and 50 microliters of genetic material were extracted and equally divided for testing purposes. BCI engaged in genetic testing, on behalf of the prosecutor, of 25

microliters while the remaining 25 microliters were preserved on behalf of Swopes. All 25 microliters of BCI's extracted DNA sample were consumed during testing.

{¶ 4} On June 2, 2020, the prosecutor filed a motion requesting permission to conduct additional DNA testing on the sample preserved on behalf of Swopes. The trial court conducted two hearings, on November 12, 2020, and November 23, 2020, at which times testimony and evidence was adduced with regard to various testing procedures that could be employed to further analyze the remaining sample. On December 16, 2020, Judge McCormick granted the prosecutor's motion to conduct additional testing on the DNA sample preserved for Swopes and held that

> [t]he State's motion to consume the remaining 25 [microliters] of Item 9.1 for submitting it to Bode Technology is granted. Bode is to inform the defense in writing what specific test they will be conducting two weeks prior to conducting it. The defense is permitted to have its DNA analyst observe the testing in-person or via video.

{¶ 5} On December 20, 2020, Swopes filed an interlocutory appeal from Judge McCormick's order allowing for additional testing on the preserved DNA sample. On February 8, 2021, this court dismissed Swopes interlocutory appeal and held that

> [m]otion by appellee to dismiss appeal for lack of a final appealable order is granted. The trial court's pretrial discovery order allowing the State's consumption of the remaining DNA source does not constitute an order pursuant to Crim.R. 42(E), which allows for appeal of the trial court's refusal to appoint an expert in a capital case. Here, the trial court is permitting the appellant to have an expert observe the testing of the DNA. The order also does not constitute a provisional remedy. Should appellant be convicted, he will be afforded a meaningful and effective remedy upon review of his direct appeal. See *State v. Gaines*, 8th Dist. Cuyahoga No. 91179, 2009-Ohio-622; *State v. Abercrombie*, 8th Dist. Cuyahoga No. 88625, 207-Ohio-5071, P23-26; *State v.*

*Warren*, 11th Dist. Trumbull No. 2010-T-027, 27-29 [2011-Ohio-4886]. Appeal dismissed.

*State v. Swopes*, 8th Dist. Cuyahoga No. 110172, motion No. 543556 (Jan. 19, 2021).

{¶ 6} On July 21, 2021, the prosecutor filed a notice of intent to proceed with the additional testing of the DNA sample preserved on behalf of Swopes. On September 21, 2021, Judge McCormick issued an order that provided "[t]he state shall refrain from consuming the remaining DNA evidence pending further order of the court." On September 28, 2021, Swopes filed his complaint for a writ of mandamus. On November 29, 2021, Judge McCormick filed a motion to dismiss. On January 5, 2022, Swopes filed an amended complaint for mandamus. On January 6, 2022, Swopes filed a brief in opposition to Judge McCormick's motion to dismiss. On January 12, 2022, Judge McCormick filed a renewed motion to dismiss and reply in support of motion to dismiss action in mandamus.

## II. Procedural Defects

{¶ 7} A review of Swopes's original complaint for mandamus fails to reveal compliance with R.C. 2969.25. R.C. 2969.25(A) requires Swopes to file an affidavit listing each civil action or appeal of a civil action he has filed in the previous five years in any state or federal court, as well as information regarding the outcome of each civil action or appeal. Compliance with R.C. 2969.25(A) is mandatory, and the failure to comply subjects Swopes's complaint to dismissal. *State ex rel. Bey v. Loomis*, Slip Opinion No. 2021-Ohio-2066; *State ex rel. Ware v. Pureval*, 160 Ohio

St.3d 387, 2020-Ohio-4024, 157 N.E.3d 714; *State ex rel. McDougald v. Greene*, 155 Ohio St.3d 216, 2018-Ohio-4200, 120 N.E.3d 779.

{¶ 8} In addition, Swopes has failed to comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. The failure to comply with R.C. 2969.25(C) constitutes sufficient reason to deny a writ claim, deny indigency status, and assess costs against Swopes. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420. Finally, noncompliance with R.C. 2969.25(A) and 2969.25(C) cannot be cured by amendment of the original complaint:

> The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 1999-Ohio-53, 719 N.E.2d 544 (1999), citing *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422, 1998-Ohio-218, 696 N.E.2d 594 (1998). As held by the court of appeals, the affidavit required by R.C. 2969.25(A) must be filed at the time the complaint is filed, and an inmate may not cure the defect by later filings. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9, 797 N.E.2d 982 (an inmate's "belated attempt to file the required affidavit does not excuse his noncompliance. See R.C. 2969.25(A), which requires that the affidavit be filed '*[a]t the time that an inmate commences a civil action or appeal against a government entity or employee*'" [emphasis sic]).
>
> Nor is this a dismissal on the merits requiring prior notice, as asserted by [the inmate]. Because the failure to comply with the mandatory requirements of R.C. 2969.25 cannot be cured, prior notice of the dismissal would have afforded [the inmate] no recourse.

*State ex rel. Hall v. Mohr,* 140 Ohio St. 3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4; *see also Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982; *State v. Wilson*, 8th Dist. Cuyahoga No. 110527, 2021-Ohio-2778. Thus, based upon *Hall, Fuqua,* and *Wilson*, Swopes was not permitted to amend his original complaint for mandamus by attempting to comply with R.C. 2969.25(A) and 2969.25(C).

## III. Substantive Analysis

## A. Original Jurisdiction in Mandamus

{¶ 9} This court possesses original jurisdiction over a complaint for a writ of mandamus pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution, R.C. 2731.01 and 2731.02. The requisites for mandamus are well established: 1) Swopes must establish a clear legal right to the requested relief, 2) Swopes must establish that Judge McCormick possesses a clear legal duty to perform the requested relief, and 3) Swopes possesses no other adequate remedy in the ordinary course of the law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus is an extraordinary remedy that is to be exercised with great caution and granted only when the right is absolutely clear. Mandamus should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶ 10} In addition to the aforesaid basic requirements that must be established by Swopes, the following principles of law guide this court's

determination as to whether a writ of mandamus should be issued. Mandamus lies only to enforce the performance of a ministerial duty or act. A ministerial duty or act has been defined as one that a person performs in a given state of facts in a prescribed manner in the obedience to the mandate of legal authority, without regard to, or the exercise of, his or her own judgment upon the propriety of the act being done. The duty to be enforced must be specific and definite, clear, and concise, must be specifically enjoined by law, must be incident to the office, trust, or station that the respondent holds, and it may not be one of a general character that is left to the respondent's discretion. *State ex rel. Council President v. Mayor of E. Cleveland*, 8th Dist. Cuyahoga No. 110221, 2021-Ohio-1093; *State ex rel. E. Cleveland v. Norton*, 8th Dist. Cuyahoga No. 98772, 2013-Ohio-3723; *State ex rel. Neal, Jr. v. Moyer*, 3d Dist. Allen No. 1-84-44, 1985 Ohio App. LEXIS 5380 (Jan. 9, 1985).

## B. Claim for Mandamus

{¶ 11} In support of his claim for mandamus, Swopes argues that he possesses constitutional rights that have been violated, Judge McCormick possesses a duty to protect Swopes's constitutional rights, and there exists no other adequate remedy in the ordinary course of the law. Specifically, Swopes argues that allowing the prosecutor to test the remaining 25 microliters of the preserved DNA: 1) violates Crim.R. 16 and 42; 2) violates Swopes's due process rights; 3) denies Swopes the right to equal protection of the law; and 4) there exists no other remedy in the ordinary course of the law.

{¶ 12} The current version of Crim.R. 16 constitutes a general rule that controls criminal discovery and allows for "open file" discovery. Crim.R. 42 was adopted by the Supreme Court of Ohio in 2017 and applies to all capital murder cases and postconviction reviews of capital murder cases. When read in para materia, we find no basis to support the claim that the judgment to allow the prosecutor to conduct further testing on the remaining DNA sample prejudices Swopes.

{¶ 13} A review of the transcripts attached to the complaint for mandamus demonstrates that the prosecutor offered legitimate scientific reasons for the need to consume the remaining DNA sample. It must also be noted that the order of Judge McCormick provided for the use of an independent testing laboratory and that counsel for Swopes would be allowed to observe the testing and have full access to all results obtained from the additional DNA testing. We find no violation of Crim.R. 16 and 42 and further find that Swopes has not established a clear legal right to his own testing of the preserved DNA sample or that Judge McCormick possesses a duty to allow Swopes to conduct independent testing of the preserved DNA sample. *State ex rel. McQueen v. Weibling-Holliday*, 150 Ohio St.3d 17, 2016-Ohio-5107, 78 N.E.3d 825; *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967).

{¶ 14} Swopes has failed to establish that his right to due process, under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Ohio Constitution, Article I, Sections 10 and 16, have been violated by Judge McCormick's

judgment to allow for additional testing of the preserved DNA sample. The suppression of materially exculpatory evidence violates a defendant's due process rights. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *State v. Geeslin*, 116 Ohio St.3d 252, 2007-Ohio-5239, 878 N.E.2d 1. Swopes does not allege that the additional testing of the preserved DNA will result in the destruction of exculpatory evidence, nor has he alleged that the prosecutor is acting in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); *State v. Abercrombie*, 8th Dist. Cuyahoga No. 88625, 2007-Ohio-5071.

{¶ 15} Swopes, with regard to his claim of the right to equal protection, argues that a person charged with a drug offense under R.C. Chapters 2925 or 3719, is entitled to have a portion of the alleged drug preserved for the benefit of independent analysis performed by a laboratory analyst selected by the defendant. Swopes argues that equal protection requires the preservation of the DNA sample and further testing by a laboratory analyst of his own choice similar to a person charged with a drug offense per R.C. 2929.51(E).

{¶ 16} Generally, the unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination. *Snowden v. Hughes*, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944). The unsupported argument that a defendant charged with a drug offense is entitled to the testing of an alleged contraband drug and the simple statement that "[t]o not allow his own testing when

his life hangs in the balance and yet allow him testing when confronted with a first-degree misdemeanor (or less) drug charge is irrational," without citation to existing case law to demonstrate the existence of purposeful discrimination against Swopes, fails to establish the claim of a denial of equal protection. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). In addition, Swopes has failed to demonstrate that there exists no rational basis for the state legislature, in legislating drug laws, to treat the offense of capital murder differently. *State v. Mole*, 149 Ohio St.3d 215, 2016-Ohio-5124, 74 N.E.3d 368; *State ex rel. Doersam v. Indus. Comm.*, 45 Ohio St.3d 115, 543 N.E.2d 1169 (1989). We find that Swopes has failed to establish his right to equal protection has been violated by Judge McCormick's judgment for additional DNA testing.

{¶ 17} Because Swopes has failed to demonstrate a clear legal right to the relief requested or that Judge McCormick possesses a clear legal duty, we need not address whether there exists an adequate remedy at law. *State ex rel. Daimler Chrysler Corp. v. Self-Insuring Emp. Evaluation Bd.*, 10th Dist. Franklin No. 04AP-1222, 2006-Ohio-425.

### C. Mandamus and Control of Judicial Discretion

{¶ 18} Although a writ of mandamus may require an inferior tribunal to exercise its judgment or to proceed to the discharge of its function, it may not control judicial discretion, even if such discretion is grossly abused. *Ney, supra*, citing R.C. 2731.03; *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380, 377 N.E.2d 494 (1978). Herein, Swopes is attempting to control the judicial discretion of Judge

McCormick by seeking an order that requires the vacation of his judgment with regard to the prosecutor's request for additional testing. Judge McCormick has fulfilled his obligation to render a ruling with regard to the prosecutor's request for additional DNA testing by granting it and placing additional requirements with regard to the testing. Judge McCormick has exercised his discretion in making that determination, and mandamus will not lie to control that judicial discretion. *O'Connor*; *Patterson v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. Cuyahoga No. 107755, 2019-Ohio-110; *State ex rel. Jones v. Friedland*, 8th Dist. Cuyahoga No. 81226, 2002-Ohio-2757.

### D. Prohibitory Injunction and Declaratory Judgment

{¶ 19} Finally, if the allegation of a complaint for a writ of mandamus demonstrates that the real object sought is a prohibitory injunction and a declaratory judgment, the complaint does not state a cause of action in mandamus and must be dismissed for lack of jurisdiction. *State ex rel. Esarco v. Youngstown City Council*, 116 Ohio St.3d 131, 2007-Ohio-5699, 876 N.E.2d 953; *State ex rel. Obojski v. Perciak*, 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070; *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 716 N.E.2d 704 (1999).

{¶ 20} As previously discussed, this court possesses, in an action for mandamus, the jurisdiction to require a respondent to comply with a clear and specific legal duty. R.C. 2731.01 and 2731.02. This court, however, does not possess the jurisdiction to prohibit or enjoin a respondent from acting in a manner that may cause injury to the relator. The request, through mandamus, to prevent an expected

injury, constitutes a prohibitory injunction that does not fall within the realm of mandamus. *State ex rel. Gadwell-Newton v. Husted*, 153 Ohio St.3d 225, 2018-Ohio-1854, 103 N.E.3d 809; *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88; *State ex rel. Smith v. Indus. Comm.,* 139 Ohio St. 303, 39 N.E.2d 838 (1942). Herein, it is abundantly clear that the purpose of Swopes's complaint for a writ of mandamus is to prevent the prosecutor from conducting additional testing of the preserved DNA sample, the function of a prohibitory injunction.

{¶ 21} In addition, this court does not possess the jurisdiction to issue a declaratory judgment through the complaint for mandamus. *Wright v. Ghee*, 74 Ohio St.3d 465, 659 N.E.2d 1261 (1996); *State ex rel. Coyne v. Todia*, 45 Ohio St.3d 232, 543 N.E.2d 1271 (1989). Here, it is abundantly clear that the true objects of Swopes's claims, in support of the complaint for mandamus, are a declaratory judgment that his rights to due process and equal protection have been denied by the judgment of Judge McCormick to allow the prosecutor to conduct additional testing on the preserved DNA. Thus, the complaint for mandamus does not state a cause of action in mandamus and must be dismissed for want of jurisdiction. *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections*, 72 Ohio St.3d 69, 647 N.E.2d 769 (1995); *State ex rel. Governor v. Taft*, 71 Ohio St.3d 1, 640 N.E.2d 1136 (1994); *State ex rel. Walker v. Bowling Green*, 69 Ohio St.3d 391, 632 N.E.2d 904 (1994); *State ex rel. Ohio Mechanical Contracting Industry, Inc. v. Cleveland*, 65 Ohio St.3d 1210, 605 N.E.2d 386 (1992).

## E. Conclusion

{¶ 22} Accordingly, we grant Judge McCormick's motion to dismiss and renewed motion to dismiss. Motion No. 549552, which granted a sua sponte alternative writ on September 29, 2021, and ordered that the trial court shall continue to maintain the stay order issued on September 21, 2021, in *State v. Swopes*, Cuyahoga C.P. No. CR-19-638518, is vacated. Costs to Swopes. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 23} Complaint dismissed.

_____
EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR